This is a divorce case.
Connie Sue Rolls (wife) and Earl Phillip Rolls, Jr. (husband), were married in April 1973, and one child was born of the marriage. In December 1991, the wife filed for divorce. The husband answered and filed a counterclaim for divorce. After ore tenus proceedings, the trial court granted the divorce in March 1992, and, inter alia, effected a property division and granted custody of the minor child to the wife, who was also ordered to maintain hospitalization insurance on the child. The husband was granted visitation with the child and was ordered to pay $577 per month in child support, to pay any of the child's medical expenses not covered by insurance, and to name the child as beneficiary of his present life insurance policy during the child's minority. Further, the parties' furniture was divided, and the husband was awarded ten acres of land in McIntosh, Alabama, a boat, various equipment and tools, and he was ordered to be responsible for any indebtedness thereon. Each party was awarded his or her own retirement account and the vehicle in their possession. The husband was also ordered to be responsible for all joint debts of the marriage, to pay to the wife $200 per month as periodic alimony until the disposition of the marital home, and to pay $500 for the wife's attorney's fee. After oral argument on the wife's post-judgment motion, the motion was denied. Hence, this appeal.
On appeal, the wife contends that the amount and duration of the periodic alimony award, and the failure by the trial court to specifically reserve the right to award periodic alimony in the future, constituted an abuse of discretion. She also contends that the trial court's decision regarding the property division and the apportionment of debt was an abuse of discretion.
Matters such as alimony and property division rest within the sound discretion of the trial court and the court's rulings on those matters will not be reversed unless that discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Those issues are interrelated and "the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues."Kelley v. Kelley, 579 So.2d 1362, 1363 (Ala.Civ.App. 1991). The trial court's decision, however, is subject to appellate review and revision. Kenchel v. Kenchel, 440 So.2d 567
(Ala.Civ.App. 1983).
Factors for a trial court to consider in determinations regarding alimony and property division include the earning ability of the parties and their future prospects, *Page 746 
their ages and health, the duration of the marriage, their standard of living, the marital properties and their sources, values and types, and the conduct of the parties in relation to the marriage. Dowdy v. Dowdy, 473 So.2d 1091
(Ala.Civ.App. 1985). It is not the actual earning capacity but theability to earn that is considered in determining an award of alimony. Prentice v. Prentice, 440 So.2d 1091
(Ala.Civ.App. 1983). "The purpose of alimony is to preserve the status quo of the parties, and the failure to award alimony is arbitrary and capricious where the needs of the wife and the ability of the husband to pay are shown." Seamon v. Seamon,587 So.2d 333, 335 (Ala.Civ.App. 1991). Additionally, a property division is not required to be equal but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Johnson v. Johnson,565 So.2d 629 (Ala.Civ.App. 1989).
The wife testified that she completed two years of college prior to marriage but did not pursue a career during the first fifteen years of marriage; however, she testified that she has been employed as a secretary for the past three years, earning $7.00 an hour and grossing approximately $1,204 per month. The husband testified that he was an estimator for a construction group, grossing approximately $4,500 per month.
A real estate appraiser appointed by the trial court estimated the value of the marital home to be approximately $93,100. The divorce judgment afforded the husband six months from the date that the appraisal was filed to exercise an option to purchase the wife's court-ordered fifty-percent equity in the home; otherwise, the property was to be sold, with the proceeds to be divided equally between the parties. Pending disposition, the husband was granted the use of the property and he was ordered to pay all expenses thereon, plus the costs of the appraisal.
A cursory review of the evidence may cause the ultimate disposition of property and alimony award to appear discordant; however, applying the attendant legal presumptions to our thorough examination of the entire record, we cannot find that the division is inequitable or that the trial court abused its discretion in the property or alimony awards. We cannot find that the trial court was plainly and palpably wrong in its decisions regarding the property division, debt apportionment, and the short-term periodic alimony award. We do, however, find error in the trial court's failure to reserve the right to award periodic alimony after the disposition of the marital home and the distribution of those proceeds. Tuggle v. Tuggle,582 So.2d 1132 (Ala.Civ.App. 1991). This decision is based primarily upon our consideration of the judgment in its entirety and the evidence presented regarding, among other things, the prominent disparity in the present income of each party, the earning potential of each party, and the contribution to the marriage of each party during the eighteen-year duration of the marriage.
Based upon the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter an order consistent with this opinion.
The wife's request for an attorney's fee on appeal is granted in the amount of $500. The husband's request for an attorney's fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur. *Page 1026