Michael D. Speakman (father) and Amy Elaine Speakman (mother) were divorced on July 29, 1992, on the trial court's findings of an incompatibility of temperament between the parties and an irretrievable breakdown of the marriage relationship. The mother was awarded, inter alia, custody of the parties' 22-month-old daughter, and attorney's fees. The father received limited visitation with the child, and now appeals both the custody determination and the limited visitation.
The father first contends that the trial court abused its discretion in awarding custody of the minor child to the mother. In support of this claim he argues that the trial court applied the tender years doctrine, favoring the mother, in deciding custody. The doctrine of tender years has been abolished in Alabama, Ex parte Devine, 398 So.2d 686 (Ala. 1981), and the controlling consideration in an initial custody determination is the best interests and welfare of the child.Murph v. Murph, 570 So.2d 692 (Ala.Civ.App. 1990). In deciding custody, the court should consider the following factors:
 "the age and sex of the child; the child's emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of those seeking custody; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent."
Id. at 693.
The trial court in the present case heard testimony on each of these factors and was in the best position to observe the demeanor and sincerity of the parties. Where evidence is presented ore tenus, the decision to award custody is left to the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Ex parte Walters,580 So.2d 1352 (Ala. 1991).
A thorough review of the record makes it clear that both parents love the child and would be fit to have custody of the child. Additionally, both parents demonstrated they would be willing and able to care for the child's needs. In such a situation, "the trial court would not have been in error regardless of [which parent] was awarded custody of the child."Hall v. Hall, 571 So.2d 1176, 1178 (Ala.Civ.App. 1990) (citation omitted). While the trial court's order does not specifically state the standard used in awarding custody of the minor child to the mother, this court finds that it had sufficient evidence to support its determination.
The father next contends that the trial court erred in awarding him limited visitation rights. The final judgment of divorce states the following:
 "5. That the [father] shall have the following right of visitation with the minor [child] of the parties:
 "A. From 9:00 A.M. until 6:00 P.M. on the first and third Sundays of each month until the child reaches age three.
 "B. When the child reaches age three, visitation shall be:
 "(1) The first and third weekends of each month from 6:00 P.M. Friday until 6:00 P.M. the following Sunday.
 "(2) Each December 26 at 9:00 A.M. until 6:00 P.M. on the following New Year's Day.
 "(3) Four weeks during the summer in two week intervals selected by the non-custodial parent, but upon written notice to the custodial parent on or before May 1st of each year. *Page 965 
 "(4) Every other Thanksgiving Day from 10:00 A.M. until 6:00 P.M. of the same day with the non-custodial parent having visitation on Thanksgiving in even numbered years.
 "(5) Alternate [spring school holidays] when the child(ren) are not in school commencing 6:00 P.M. Friday preceding the week of Spring Vacation through 6:00 P.M. Sunday, the day before resumption of School with the non-custodial parent having visitation during Spring Holidays in odd numbered years.
 "(6) Other and different times of visitation may be exercised by agreement of the parties, without prejudice to the other periods of prescribed visitation."
The record reveals that the father's work schedule makes it impossible for him to be available the first and third Sunday of each month as set out in the judgment. He testified that he works a swing shift, usually working three consecutive days, followed by a maximum of three days off. At trial the father asked for custody, but, in the event he was denied custody, asked that he be allowed to spend time with his daughter on his off days, which do not always coincide with a weekend.
The mother testified that the father was a good father, and her objections to his having custody or overnight visitation on his off days included such arguments as the child was in a routine and should not be spending the night away from home, she was the child's mother and loves her very much, and that the child was still in diapers and takes a bottle. The father, in appealing the limited visitation, argues that he cannot expect the mother to allow him visitation by agreement beyond the first and third Sunday. Testimony at trial reflected that after filing for divorce, the mother refused practically every request he made to see the child. He asked that he be allowed to take the child to see his dying grandmother, based on his grandmother's request, and she refused. The grandmother died shortly before the divorce hearing.
"[C]ases in Alabama have consistently held that the primary consideration in setting visitation rights is the best interests and welfare of the child. Furthermore, each child visitation case must be decided on its own facts and circumstances." Fanning v. Fanning, 504 So.2d 737, 739
(Ala.Civ.App. 1987) (citations omitted).
Based on the record in this case, we find the trial court abused its discretion in allowing the father only two days a month, at most, with his child until she reaches age three. This is not reasonable visitation. As in Fanning, the visitation schedule is unworkable based on the work schedule of the father. We are of the opinion that the father should be given an opportunity to maintain a meaningful relationship with his child, and the record indicates that he cares for and is concerned about his child and is fit, capable, and willing to care for the child's needs. Therefore, we reverse the trial court's decision concerning visitation and remand with instructions for the trial court to set more reasonable and expanded visitation in accordance with the father's work schedule and to allow the father overnight visitation.
Finally, the father argues that the trial court abused its discretion in awarding attorney's fees to the mother.
 "[T]he award of attorney's fees is within the sound discretion of the trial court, and such an award will not be disturbed on appeal unless there is an abuse of discretion. Factors to be considered in making an attorney's fee award include the earning capacity of the parties, results of the litigation, and the financial circumstances of the parties."
Smith v. Smith, 578 So.2d 1342, 1344 (Ala.Civ.App. 1991). While this court might have reached a different determination, all factors considered, we will not substitute our judgment for that of the trial court. Therefore, we affirm the award of attorney's fees.
The trial court's decision is affirmed in part and reversed in part, with instructions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 966