655 So.2d 1064 (1995)
Sarah Berke WILLING
v.
Steven James WILLING.
Steven James WILLING
v.
Sarah Berke WILLING.
AV93000422, AV93000464.
Court of Civil Appeals of Alabama.
February 10, 1995.
*1065 Sheldon Perhacs, Birmingham, for appellant/cross appellee.
Stephen R. Arnold and Linda G. Flippo of White, Dunn & Booker, Birmingham, for appellee/cross appellant.
YATES, Judge.
Following an ore tenus proceeding, the trial court divorced the parties, who are both medical doctors. The trial court awarded the father custody of the parties' minor child and granted visitation to the mother. It also ordered the mother to pay $500 per month in child support and divided the marital property and personal property of the parties.
The mother appeals, contending that the trial court abused its discretion in awarding custody to the father and in limiting her visitation rights. The father cross-appeals, contending that the trial court abused its discretion in awarding the mother $50,000 as part of the property division.
The main consideration in determining custody is the welfare and best interests of the child. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). When the evidence in a divorce case is presented ore tenus, the matter of child custody is within the sound discretion of the trial court and its ruling on that matter will not be reversed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Id. Factors the trial court may consider in determining custody include "the child's age and sex and the ability of each parent to provide for the child's emotional, educational, material, moral, and social needs." Id. at 431. It is also proper for the court to consider the age, character, stability, and mental and physical health of the parties seeking custody. Smith v. Smith, 578 So.2d 1342 (Ala.Civ.App.1991).
Both parents presented ample testimony concerning their ability to care for the child. Psychologists who testified on behalf of the mother stated that she was nurturing and emotionally sensitive to the needs of the child. However, there was also testimony to indicate that the father could provide structure and a consistent routine for the child. The guardian ad litem recommended that the trial court grant custody to the father, basing her recommendation primarily upon the stability that she believed the father could provide. *1066 The mother argues that the child prefers to live with her and that the trial court failed to consider this fact in making its custody determination. Regardless of whether the child expressed such a preference, "the wish of a child to be with one parent rather than another is not compelling, but, rather, is only one factor to be considered by the trial court." Hayes v. Hayes, 512 So.2d 119, 121 (Ala.Civ.App.1987).
Nothing in the record indicates that the trial court failed to consider the evidence. The trial judge indicated at the close of the hearing that he was convinced that both of the parties loved the child. He stated that he would have to further consider the evidence before making the custody determination. He took the case under advisement, stating, "I will make the decision that I think is in the best interest of [the child]." We conclude that the trial court did not abuse its discretion in awarding custody to the father.
The mother next contends that the trial court abused its discretion in restricting her weekend visitation to "[t]he first and third weekends of each month, from 6:00 P.M. on Thursday until 6:00 P.M. on the following Saturday." We agree. She argues that the requirement that weekend visitation be exercised on Thursday through Saturday, rather than on Friday through Sunday, was not supported by the evidence, because, she says, the child was about to begin school and changing his household during the week would be disruptive. She also states that she regularly works every Friday.
The primary consideration in determining visitation rights for a noncustodial parent is the child's welfare and best interests. Hand v. Hand, 617 So.2d 1040 (Ala. Civ.App.1993). Clearly, the mother cares for and is concerned about the child, and it is in the child's best interests to have the opportunity to maintain a meaningful relationship with his mother. The weekend visitation provides the mother and child only one full day together. Because that full day comes on what is a work day for the mother, she in effect has no full day of visitation. We must conclude that the weekend visitation schedule is unreasonable, and an abuse of discretion, given the work schedule of the mother. Speakman v. Speakman, 627 So.2d 963 (Ala. Civ.App.1993). Accordingly, that portion of the judgment setting weekend visitation is reversed and the cause is remanded for the court to award the mother weekend visitation on the first and third weekends of each month, from 6:00 p.m. on Friday until 6:00 p.m. on the following Sunday.
Finally, the mother contends that the trial court abused its discretion in restricting her ability to engage in activities with the child. The divorce judgment provides that the father
"shall make all arrangements regarding medical care and treatment of the minor child. [The father] shall also make any and all arrangements regarding social, religious, cultural, athletic and academic activities of the child. [The father] is encouraged to consult with [the mother] regarding all activities of the child and to consider the wishes and interest of [the mother] in making final decisions regarding the child. [The mother] shall not make any arrangements for the child or enroll the child in any activity without first consulting with [the father], except [the mother] shall ensure that the minor child receives any emergency medical care that may be appropriate."
The mother argues that this provision prevents her from doing anything with the child without the father's permission. The trial court could have decided that the parties would be, or might be, unable to agree and that the custodial parent should have the ultimate authority to determine the child's activities. We find no abuse of discretion.
On cross-appeal, the father contends that the trial court abused its discretion in awarding the mother $50,000 as part of the property division.
"Matters such as alimony and property division rest within the sound discretion of the trial court and the court's rulings on those matters will not be reversed unless that discretion was palpably abused. Those issues are interrelated and `the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues.' *1067 The trial court's decision, however, is subject to appellate review and revision.
"Factors for a trial court to consider in determinations regarding alimony and property division include the earning ability of the parties and their future prospects, their ages and health, the duration of the marriage, their standard of living, the marital properties and their sources, values and types, and the conduct of the parties in relation to the marriage.... Additionally, a property division is not required to be equal but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court."
Rolls v. Rolls, 623 So.2d 744, 745-46 (Ala.Civ. App.1993) (citations omitted).
The trial court awarded to the father several retirement accounts and all life insurance policies that were in his name, as well as several investment accounts and time share investments of substantial value. He also received the marital residence, in which at the time of the divorce the parties had an equity of $57,525. The mother, who had earned substantially less money than the father during the marriage, presented evidence indicating that she had used her salary to pay many of the household expenses. The father presented evidence indicating that he had made all the mortgage payments on the marital residence, had paid for all utilities, and had paid other personal and family expenses. The trial court was in the best position to equitably divide the property. We find no abuse of discretion in the trial court's division of property.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in the result only.
THIGPEN and MONROE, JJ., concur in part and dissent in part.
THIGPEN, Judge, concurring in part and dissenting in part.
I respectfully dissent from that portion of the majority opinion regarding visitation because I disagree that the ordered visitation schedule is unreasonable, and that the trial court must be instructed to enter an order for a schedule specified by this court. The matter of visitation lies within the broad discretion of the trial court, which is uniquely qualified to observe the witnesses and adjudge their credibility in ore tenus proceedings. Watson v. Watson, 634 So.2d 589 (Ala. Civ.App.1994). The standard for reviewing a trial court's determination regarding visitation is not whether this court views the schedule as unreasonable or would have ordered a different schedule. Watson, supra. Absent an abuse of discretion, a trial court's judgment regarding visitation must be affirmed. Alexander v. Alexander, 625 So.2d 433 (Ala.Civ.App.1993); Fanning v. Fanning, 504 So.2d 737 (Ala.Civ.App.1987).
The ore tenus proceedings in the case sub judice extended over several days. The record contains approximately 900 pages of testimony, which includes over 250 pages of testimony from the mother. There is extensive testimony from others, including the father, the child's guardian ad litem, past child-care workers who had opportunities to observe the family unit, and multiple mental health professionals, who have counseled these parties together and separately. The record is replete with testimony regarding this child's special circumstances and the concerns that "this child is so consumed with divorce and sadness and adult issues." The testimony of the guardian ad litem alone supports strict limitations on visitation and minimal disruptions in custody at this time in the interest of providing stability in this child's life.
The trial court's focus on this child's best interests and welfare is exemplified throughout the voluminous record. Regardless of any irregularity this court may perceive in the trial court's weekend visitation schedule, the specifics of that determination are well within the province of the trial court, and its decision cannot be reversed absent an abuse of judicial discretion. Andrews v. Andrews, *1068 520 So.2d 512 (Ala.Civ.App.1987). Although my examination of this record fails to disclose any obvious reason for the trial court to deviate from a standard weekend schedule, (see e.g., Speakman v. Speakman, 627 So.2d 963 (Ala.Civ.App.1993), and Fanning, supra), the deference given to the trial court by the ore tenus rule is, in part, due to the trial court's unique position to see and/or hear something that may not be apparent on the face of the written record. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Furthermore, even if the ordered visitation schedule were unreasonable to the extent that it was unsupported by the evidence, and, therefore, constituted an abuse of discretion, I believe the better course would be to reverse and remand "with instructions for the trial court to set more reasonable ... visitation in accordance with the [mother]'s work schedule." Speakman at 965.
Because I cannot find that the trial court's determination regarding visitation is an abuse of judicial discretion, I would affirm.
MONROE, J., concurs.