YATES, Judge,
dissenting.
I would reverse the trial court’s judgment precluding the custodial parent from having his children on weekends during the nine-month school year. I agree with the majority that determinations of custody and visitation are within the sound discretion of the trial court; however, in this instance I find an abuse of that discretion.
The trial court split custody between the parents based on the school year and the summer. By doing so, it found both parents to be fit and proper custodians for the children.
The father was to have the children during the school year; however, the mother was granted visitation every weekend from 6:00 p.m. on Friday until 4:00 p.m. on Sunday. The court did specifically grant the father one weekend in September, for the children to attend his family reunion. The mother was to have the children in June, July, and August, with the father having visitation on the second and fourth weekends of each month. A comparable schedule, allowing the father access to his children on weekends during the school year, would have been reasonable.
The father’s time with the children during the school year comes on a work day for him and á school day for the children. Given these schedules, I believe that the trial court’s refusal to allow the father some weekend time with his children was unreasonable and was an abuse of discretion. See Speakman v. Speakman, 627 So.2d 963 (Ala.Civ. App.1993).