YATES, Judge.
Condie William Langham, Sr., and Alice Lucille Langham were married in 1951; they were divorced in March 1999. The record does not indicate how many children were born of the marriage; however, when the wife filed her divorce complaint the children were adults. In March 1998, the wife sued for a divorce from bed and board (a legal separation), alleging incompatibility and an irretrievable breakdown of the marriage, and she sought a temporary restraining order. The court issued a TRO against the husband and ordered both parties to maintain the status quo, including the continued payment of all marital debts as each party had been accustomed. The husband answered and counterclaimed for a divorce, and requested a hearing on the TRO. The wife moved to have the husband held in contempt for his failure to pay the marital debts as ordered by the court. The husband amended his answer/counterclaim to seek the sale and division of the marital assets.
On March 16, 1999, following ore tenus proceedings, the court divorced the parties, based on “their incompatibility of temperament and the adultery on the part of [the husband].” The court ordered:
“8. That the issue of alimony for either party is considered and the [husband] shall pay to the [wife] periodic alimony, in the sum of $300.00 per month, commencing April 1, 1999, and continuing each month thereafter until the requirement is extinguished by the operation of law.
“4. That the real estate described as being the parties’ property located on Baldwin Street and Magnolia Street is hereafter vested in the [husband] subject to the payment of the outstanding mortgages due thereon and the [wife] is hereafter divested of all right, title and interest in and to said parcel of real estate....
“5. That the real estate described as being the parties’ property located on 1st Avenue and as being the cleaners property with the adjoining lots is hereafter vested in the [wife], subject to the payment of the outstanding mortgages due thereon and the [husband] is hereafter divested of all right, title and interest in said parcels of real estate.... The [wife] is further granted title to the ongoing business of the cleaners and the boutique.
“6. The [wife] is taxed with the responsibility to pay the City Bank Credit Card as the debt becomes due and shall take all steps necessary to close said account. Additionally, the [wife] shall pay the Dillards account, the Regions Bank loans and the MasterCard FOP account and shall hold the [husband] harmless on said debts.
“7. The [husband] is taxed with all other marital debt.
“8. The [husband] is hereby vested with a one-half interest in and to his State of Alabama Retirement account due to his employment with the police department. The [wife] is hereby vested with the other one-half interest in and to the retirement account through the State of Alabama for [the husband]. Each interest being in the approximate monthly amount of $473.35.
“9. The [husband] is hereby vested with the title to the following items of personal property: 1994 Lincoln Mark VIII, 35-foot Allegro motor home and contents, his hand tools, gas can, Snapper mower, account at Regions Bank, computer, his welder, the Lincoln Mark VII that does not run, along with the Honda or Hyundai that does not run and the Oldsmobile that also does not run, *529 along with the 1983 track. His guns are also included in this grant of personal property along with his bar with lights.
“10. The [husband] is found to be in direct contempt of this Court’s Order for his failure to pay the status quo debts of the marriage, including the power, phone, etc., and the [wife] has testified that she has expended the sum of $15,-000.00 for these debts out of her personal and borrowed funds. The [husband] shall pay to the [wife], in addition to the other grants herein, the sum of $10,-000.00 for this debt found herein, the same to be paid in 60 days from the date of this Decree.
“11. The [husband] is hereby taxed with the attorney fees for the [wife] in the sum of $2,500.00 and he shall pay the same in 30 days.
“12. The [husband] shall maintain the [wife] on the medical insurance through his employment or past employment for as long as the COBRA benefit allows.”
Both parties filed postjudgment motions; the court granted the wife’s motion on April 14, 1999, and amended its judgment, clarifying several provisions.
The husband appeals, arguing that the court erred in finding that he had committed adultery and that the court had abused its discretion in its property division and award of alimony. The husband further argues that the court erred in failing to grant him a hearing on his postjudgment motion and that it abused its discretion in limiting, based on the husband’s failure to respond to discovery requests and the court’s order, his testimony regarding the marital assets.
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the. ore tenus rale. Under this rale, the trial court’s judgment based on those findings will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; their station in life; the marital properties and their sources, values and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, an attorney fee may be allowed in a divorce case, in the discretion of the trial court. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
The parties were married for approximately 47 years; both parties testified that they had experienced marital problems for the past 10 years. The husband stated that the wife had begun working at a dry-cleaning business about 10 years before and that they eventually had bought the business. He stated that the wife had kept all the proceeds from the business and that he did not participate in running the business. He testified that the wife had paid from the parties’ joint checking account all the bills and that after the separation he had closed the account and had had the telephone service and other *530 Utilities disconnected at the marital residence, although the wife was still residing there. The husband stated that he received $916 per month in Social Security benefits and $863 per month in retirement income. He admitted that he had failed to comply with the restraining order and had failed to continue paying the marital debts as the court had ordered. He estimated that the wife’s household expenses ran approximately $1,500 per month; he said he had not contributed any money to the wife since she had filed for a legal separation.
The wife testified as to the real property owned by the parties, including the dry-cleaning business and a boutique, rental property, and the marital residence. She provided values on all the real estate and estimated values on personal property, including several vehicles. She stated that she had worked in the dry-cleaning establishment for several years before the parties purchased it and that she had paid herself a salary of $201 per week during those times when the business could afford it. The wife stated that she had used about $15,000 to pay expenses during the separation and that the husband had failed to pay any of the marital debts. She testified to several incidents in which the husband had threatened her and had violated the TRO. She accused the husband of conducting an affair with a coworker, stating that she had confronted the husband about what she believed to be an adulterous relationship, after seeing him return to work in the woman’s vehicle; however, the wife stated that she did not have any direct proof that a sexual relationship existed between the coworker and her husband and that the husband had denied the allegation.
This court has addressed the issue of adultery as a grounds for divorce and the proof needed to support a finding of adultery. In Yates v. Yates, 676 So.2d 365 (Ala.Civ.App.1996), this court stated:
“The act of adultery may be proven by circumstantial evidence, but more than a mere suspicion must be created. In addition, the circumstances created must be ‘ “such as would lead the guarded discretion of a reasonable and just man to conclude that the act of adultery has been committed.” ’ Rowe v. Rowe, 575 So.2d 584, 587 (Ala.Civ.App.1991) (citation omitted). The testimony of one spouse as to the other spouse’s confession of adultery is, alone, insufficient to warrant a divorce on the grounds of adultery, and that testimony is admissible only in corroboration of other evidence tending to establish the offense. Percey v. Percey, 617 So.2d 682 (Ala.Civ.App.1992).”
Id. at 366. The record contains no evidence to support the trial court’s finding of adultery as a grounds for divorce. We reverse the judgment insofar as it made a finding of adultery and remand the case for the court to enter a divorce on the grounds of incompatibility and an irretrievable breakdown of the marriage.
Further, in reviewing the award of periodic alimony and the property division, we cannot determine whether the court acted on the fault theory of adultery. We note that the husband failed to comply with the prior order of the court and admitted that he had violated the TRO; therefore, the property settlement may be equitable. Nevertheless, we instruct the trial court to review the property settlement in light of our holding regarding the grounds for divorce. See Maddox v. Maddox, 553 So.2d 611 (Ala.Civ.App.1989).
Based on our decision, we pretermit discussion of the other issues raised by the husband.
The husband’s request for an attorney fee on appeal is granted in the amount of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ„ concur.