YATES, Presiding Judge.
Evon Thomas Gresham sued James Howard Gresham for a divorce on January 28, 1998, alleging incompatibility of temperament and adultery. The parties had been married in June 1981; three children were born of the marriage. The wife sought custody of the children, child support, alimony, and a division of the marital assets. The husband counterclaimed for a divorce, on April 7, 1999, alleging incompatibility and alleging that the wife had committed adultery and that attempts at reconciliation in the summer of 1998 had failed.
After conducting an ore tenus proceeding, the court, on April 29, 1999, entered a judgment of divorce, which, among other things, awarded the wife custody of the three minor children, ordered the husband *1110 to pay child support and alimony, and divided the marital assets. The court later granted the wife’s motion to set aside that judgment; after holding hearings to clarify several agreements between the parties, the court, on February 6, 2000, entered an amended judgment. That judgment read in part:
“5. CHILD SUPPORT. That the father shall pay to the wife through the Circuit Court Clerk of Lauderdale County, Alabama, the sum of $2,250 per month which is approximately 20% of his monthly gross income beginning February 15, 2000. An administrative fee of $1 is to be paid with each weekly support payment. These payments shall be paid until the youngest child reaches the age of majority, marries, becomes self-supporting, emancipated or by further order of this Court [sic].
[[Image here]]
“7. MARITAL RESIDENCE. The wife is awarded all right, title and interest in and to the marital residence and is to assume and pay the debts against the property which [include] the first and second mortgages. At such time as she sells said property or within sixty (60) months, whichever shall first occur, she will pay to the husband $62,000 which represents one-half of the present value of the equity less $8,000 withdrawn by the husband from the equity line of credit.
[[Image here]]
“9. PERIODIC ALIMONY. This Court hereby reserves the jurisdiction and the right to award periodic alimony in the future.
“10. ALIMONY IN GROSS. The husband shall pay to the wife $150,000 as alimony in gross at the rate of $1,500 per month for 100 months with the first month’s payment and every succeeding payment due on or before the 10th day of each month beginning February, 2000.
“11. COBRA BENEFITS AND MEDICAL INSURANCE. That the husband shall pay the wife the amount of money necessary for her to obtain COBRA benefits for thirty-six (36) months unless the wife sooner obtains other health and medical insurance. Further, the husband is to maintain medical insurance on the children and pay all medically related costs not covered by such insurance or medical bills for the children.
“12. STOCKS AND INSURANCE POLICIES. The husband is ORDERED to pay to the wife within ten (10) days one-half of the proceeds from the sale of stock and one-half of the cash value of all life insurance policies. The stock options that the husband has not sold are awarded to the husband.
“13. LIFE INSURANCE. The husband is ORDERED to obtain a life insurance policy on himself with the wife named as beneficiary in an amount of $100,000 for the purpose of insuring the obligations that are ordered pursuant to this Decree. Additionally, the husband shall obtain life insurance in the amount of $50,000 for each child payable in trust and these policies shall remain in effect until the youngest child is emancipated.
“14. DEBTS. The wife shall be responsible for the debt to [Parisian], American Eagle and any other debts made in her name after January 15, 2000. The husband shall be responsible for all other remaining debts incurred by either party prior to January 15, 2000.
“15. CHAMPION SAVINGS PLAN AND RETIREMENT BENEFITS. This Court shall enter the appropriate Qualified Domestic Relations Order awarding to [the wife] one-half of the *1111 Champion Savings Plan/401(k) Plan and one-half of the vested retirement benefits as they existed on January 15, 2000.
“The Court further reserves jurisdiction to amend this Order to comply with any requirements associated with this Qualified Domestic Relations Order.
“16. POSTMINORITY SUPPORT. The Court hereby reserves jurisdiction over the issue of [postminority support].”
The parties filed several postjudgment motions. The court amended its judgment on March 15, 2000, to allow the husband a credit for mortgage and child-support payments made in February and March 2000 and ordering the parties to file a joint tax return for 1999 and to “equally divide the proceeds refunded.” On May 3, 2000, the court amended the judgment again, requiring the husband to pay “the costs of correcting the siding system” and ordering that the wife provide documentation supporting debts she listed in her exhibit. On August 2, 2000, the court amended its judgment again to clarify a provision in the February 2000 judgment regarding the division and payment of the parties’ outstanding debts.
The wife appeals.
In reviewing a divorce judgment, in a case in which the trial court has made findings of fact based on oral testimony, we are governed by the “ore tenus rule.” Under this rule, the trial court’s judgment based on those findings will be presumed correct and will not be disturbed unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and an appellate court must consider the entire judgment in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995).
Factors the trial court should consider when determining an alimony award and dividing marital property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; the parties’ station in life; the items of marital property and their sources, values, and types; and the conduct of the parties in relation to the marriage. Willing, 655 So.2d at 1067. Further, a division of marital property does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, an attorney fee may be allowed in a divorce case, in the discretion of the trial court. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
The husband, who was 41 years old at the time of trial, testified that the parties had been married for 18 years and that all their assets had been accumulated during the marriage. He stated that he was employed as a manager at a paper mill; that his earnings for 1999 had been $145,599 (this amount included a $42,687 gain on the exercise of a stock option); and that his gross earnings were approximately $18,000 to $20,000 per month. In addition, his Section 401 (k) plan was valued at $265,000 and he had a separate retirement plan valued at $83,000.
*1112 In deposition and at trial, the husband admitted that he had had an affair with a coworker. He stated that he had informed the wife and his children that he was leaving them because of his relationship with another woman; he moved into the woman’s residence in January 1998. He stated that he and the wife had attempted to reconcile in the summer of 1998; however, he said, he suspected that the wife was having an affair with her tennis coach. He denied allegations by the wife that he had raped her or had forced her to have sexual relations during their separation, although he did admit that there had been a physical confrontation and that she had filed a “protection-from-abuse” petition in January 1999; that petition was later dismissed on a joint motion of these parties.
The wife testified that by agreement of the parties she had been a housewife throughout the marriage, and she testified that she therefore did not have a retirement plan. She said that she had a degree in elementary education, that she once had held a teaching certificate, and that she thought she could be recertified in about two years. She said she thought the current salary for a teacher in Florence was approximately $25,000 per year. The wife stated that she needed approximately $5,500 per month to maintain her current standard of living; that figure included $1,805 needed to make the current monthly payment on the first mortgage; $1,000 to pay for food and household items; $504 to make an automobile payment; $250 to pay for life insurance premiums; and $1,000 to pay toward credit-card debt.
Regarding her allegation of the husband’s adultery, she described the emotional trauma she claimed she and the children experienced when the husband insisted on telling the children about his affair and about his decision to leave their home. She said he had promised to continue to provide for the family and had promised that they would not have to leave the marital home. She also accused the husband of forcing her to have sexual relations on at least two occasions after they had separated. As to the husband’s allegation of adultery, she stated that she had developed a relationship with her tennis coach during the summer of 1998; however, she denied that they had become sexually involved.
The court did not award the wife periodic alimony, but reserved the right to do so in the future. The wife was awarded the marital residence, but she was required to make the payments on the first and second mortgages on the residence; those payments total over $2,000 per month. There was evidence that the fair market value of the marital residence is approximately $375,000 and that it is subject to a first mortgage securing a debt of $200,000 and a second mortgage securing a debt of $37,800; the court ordered the current equity of approximately $137,000 divided between the parties either when the property is sold or within 60 months, whichever comes first. The record does not indicate how much the wife will receive once the husband’s stock option and insurance policies are divided; however based on the husband’s exhibit, it appears that by exercising the stock option he held, he would have, as of the date of the exhibit, realized a net after-tax gain of $15,272.50, and that the life insurance policies had a cash value on that date of $11,160.
We note that according to the husband’s testimony and his CS-41 “Child Support Income Affidavit” form, he earns between $11,000 and $18,000 per month. He testified that his expenses were approximately $2,000 per month and that he had been paying the wife $2,000 per month and had been paying all of the household expenses. It is clear from the record that the hus *1113 band is financially able to pay periodic alimony. The current payments of child support and alimony in gross total $3,750 per month; however, this amount appears inequitable and insufficient to meet the wife and the children’s monthly expenses. In Horwitz v. Horwitz, 739 So.2d 1118 (Ala.Civ.App.1999), we stated:
“We reiterate that issues concerning alimony and property division are interrelated. ‘A division of property in a divorce proceeding does not have to be equal, but should be equitable.’ Moreover, the purpose of alimony is to preserve, as closely as possible, the economic status quo of the parties after the divorce as it existed during the marriage.”
739 So.2d at 1122 (citations omitted).
Based on the length of the marriage, the earning ability of the parties, the current financial means of the husband, and the husband’s conduct during the marriage, we conclude that the wife is entitled to an award of periodic alimony. Accordingly, we reverse that portion of the court’s judgment denying the wife a current award of periodic alimony, and we remand the case for the trial court to reexamine the financial resources of the husband and to enter a more equitable award.
The wife’s request for an attorney fee on appeal is granted, in the amount of $1,500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, J., dissents.