YATES, Presiding Judge.
On March 6, 2000, after 16 years of marriage, Margaret E. Pettit sued Thomas T. Pettit, Sr., for a divorce, alleging incompatibility of temperament. She sought a division of the marital property, alimony, and one-half of the husband’s retirement benefits; there were no children born of the marriage. The husband answered with a general denial. After conducting an ore tenus proceeding, the court, on November 6, 2000, entered a judgment of divorce. As it pertains to this appeal, the judgment stated:
“2. REAL ESTATE: The Court finds that the husband is currently residing in the State of Ohio and plans to continue to reside in the State of Ohio. The Court finds that the wife resides in the State of Alabama and that the wife’s family resides in Alabama and that she intends to stay here. The Court finds that both parties have health problems.
“The Court hereby awards the wife the option to purchase the husband’s equity that he holds in the real estate from him for the sum of $30,000.00 within 45 days of October 23, 2000, said purchase to be completed by the wife from the husband no later than December 11, 2000.
“In the event the wife is unable or elects not to purchase the husband’s equity, the husband may purchase the wife’s equity in such real estate for the sum of $22,000.00. Said option to purchase must be completed within 45 days of the written notification from the wife to the husband of her election of non-purchase or 45 days from December 11, 2000, whichever occurs first.
“The Court finds that the property being purchased herein by whichever party as set out above will be purchasing the whole lot described as Lot 75 ... *44 located in Limestone County, Alabama, and lots 4, 5, and 6.... The Court finds that the home located on Lot 75 is paid for and that no encumbrance is owed thereon. The Court further finds that Lots 4, 5, and 6 are subject to a lease-purchase from David Yarborough and that there is still an indebtedness owed for such property. The Court finds that whichever party elects to purchase the property shall assume responsibility for the mortgage encumbrance and shall assume full responsibility thereof and forever indemnify and hold harmless the other.
“In the event neither the husband [nor] the wife [wishes] to purchase the marital properties, then the property shall be put up for auction to the highest bidder at an absolute sale within 90 days of the election of the husband not to purchase the interest of the wife. In the event of an auction and absolute sale, the bid after the mortgage encumbrance on the three lots referenced above is paid in full, and the expenses of the sale, the parties shall divide the equity in accordance with the proportioned equity distribution set out herein, being 57.69% equity to the husband and 42.31% equity to the wife.
[[Image here]]
“5. VEHICLES: The husband is awarded the 1963 Pontiac Catalina. The wife shall divest herself of any and all right, title, and interest she may have in and to said vehicle. In the event the vehicle is titled, the wife shall cooperate with the husband in executing whatever title or documents may be necessary in order to effectuate a transfer of her interest in the vehicle to the husband. In the event the wife is unwilling or unable to do so, this decree shall act as a full transference of title and the husband may use this decree in any appropriate manner and in any state which will recognize same to show evidence of the transfer of the wife’s interest to the husband.
“The husband is awarded the 1999 Plymouth Neon. The husband shall assume full responsibility for the indebtedness owed thereon and shall forever hold harmless for and indemnify the wife for and on account of such indebtedness.
“6. ALIMONY: The husband is hereby ordered to pay alimony to the wife in the sum of $200.00 per month beginning November 1, 2000, and continuing for six successive months thereafter.”
In addition, the court divided all of the personal property of the parties. The wife appeals, arguing that the court erred in failing to award her periodic alimony, or, in the alternative, to reserve the right to award periodic alimony in the future; and in its property division.
The wife, who was 64 years old at the time of the hearing, testified that the parties married in 1984; that they lived in Ohio during the first 6 years of marriage; and that they had resided in Alabama for the past 10 years. She stated that she had been a housewife throughout the marriage; that she had severe health problems; and that her only source of income was $472 per month in Social Security benefits. She said that the parties had resided in the husband’s house in Ohio; that he had sold that property; and that they used the proceeds to purchase their marital residence in Alabama. She said that there was no mortgage on the residence; however, she said they also purchased three lots adjoining the residential lot, for about $12,000, and that they were paying $128 per month on the lots. She stated that she did not contribute financially to the purchase of the residence; however, she said that she wanted to remain there; that her *45 children had assisted in remodeling the house; and that her children would assist her in paying for the husband’s interest in the house if she was awarded the property.
The husband, who was 71 years old at the time of the hearing, suffered from health problems. He testified that he had retired from employment with Chrysler Corporation six years after the parties married; that he received $865 per month in retirement benefits and $861 per month in Social Security benefits. He stated that he also owned about 31 shares of Chrysler stock and that he had received about $500 in dividends in 1998. According to the husband, he sold his property in Ohio and netted approximately $35,000, which was used to purchase the property in Alabama. He said that he used additional savings and secured a personal loan of $2,000 to pay the full purchase price of $45,500.
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; the parties’ station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id.
After thoroughly reviewing the evidence, we cannot say the trial court erred in its property division. The record contains a statement by the trial court that the wife did not testify as to the issue of alimony; however, we note that the wife did request alimony in her initial pleading. The court further stated, “Since I gave •him more on the house, for a period of six months he’s got to pay her two hundred dollars a month.” “In order to constitute alimony in gross, the award must satisfy two requirements: the time and amount of payment must be certain, and the right to alimony must be vested.” Paulson v. Paulson, 682 So.2d 1060, 1063 (Ala.Civ. App.1996). Although it is not clearly stated in the trial court’s order, it appears that the $1,200 alimony award to the wife represents a property settlement or alimony in gross, in addition to her option to purchase the husband’s interest in the marital residence. We affirm as to this issue.
In considering the length of the marriage, the age and health of the wife, and her limited financial resources, we conclude that the court erred in failing either to award the wife periodic alimony or, in the alternative, to reserve the issue *46 for future consideration. Accordingly, the judgment is reversed as to the issue of periodic alimony, and the case is remanded for the trial court to enter an order consistent with this opinion. Fowler v. Fowler, 773 So.2d 491 (Ala.Civ.App.2000).
The wife’s request for an attorney fee on appeal is granted, in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., concur in the result.