YATES, Presiding Judge.
After 13 years of marriage, Brian Keith Wadsworth sued Nava Annette Wads-worth for a divorce on November 1, 2001, alleging incompatibility of temperament between the parties. According to the *139 husband’s complaint, the parties had been separated for approximately eight months, and no children were born of the marriage. The husband requested that the marital home be sold and that the trial court equitably divide the assets and liabilities of the parties. The wife answered and counterclaimed, also alleging incompatibility of temperament between the parties. She further requested that the husband pay her attorney fees and court costs; that the marital home be sold and the proceeds divided equally; that she be awarded her automobile and that the husband make the loan payments on it; and that she be awarded one-half of the husband’s military retirement, among other things. The husband moved for a final hearing.
Following an ore tenus hearing, the court entered an order, dated April 80, 2002, that stated, in part:
“3. [The husband] is hereby awarded [the marital home] ... Upon the sale of [the marital home], [the husband] shall pay over to [the wife] all net proceeds from said sale.
“The Clerk of the Russell County Circuit Court is hereby ordered to execute a Statutory Warranty Deed for said real estate to convey all interest [the wife] shall have in and to [the marital home].
“4. The Trial Court reserves the issue of periodic alimony and equity in [the marital home] for a determination within one (1) year of the date of this decree.
“5. [The wife] is awarded the 2000 Oldsmobile Alero ... [The husband] shall pay the payments on said automobile until December 1, 2002. [The wife] shall assume the indebtedness on said vehicle as of [said date] and shall hold [the husband] harmless thereon.
“6. [The husband] is awarded the 1988 Oldsmobile Cutlass ... the 1979 Ford F-150 truck ... and the 2001 Honda 750 Shadow Classic motorcycle....
“7. [The husband] shall be responsible for the payment of all credit cards in full and hold [the wife] harmless thereon.”
The wife moved for a new trial, or, in the alternative, to alter, amend, or vacate the final judgment; the court denied the motion. The wife appealed.
The wife argues that the trial court abused its discretion in its division of marital assets. In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under that rule, the trial court’s judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 628 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position of being able to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, matters of alimony and property division rest soundly within the trial court’s discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; the parties’ station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce *140 case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, an attorney fee may be allowed in a divorce case, in the discretion of the trial court. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
The wife testified that the parties married in 1988 and that they had no children together. She testified that the marriage began to sour about eight years before the husband sued for a divorce, and that they had attended marital counseling on a few occasions, without success. She went on to state that the husband’s demeanor was very aggressive and that he “rages,” “yells,” and “threatens.”
The wife testified that she suffers from a severe bone disease, chronic depression, post-traumatic stress disorder, familial rickets, and osteoporosis; that she is 100 percent disabled; and that she receives a benefit check in the amount of $717 per month. She went on to state that during the parties’ separation she had been living in Idaho with her daughter from a previous relationship.
■ The wife submitted exhibits that listed her anticipated living expenses, totaling approximately $2,400 per month, as follows: rent — $500; utilities — $200; car payment — $354; automobile insurance, gasoline, and automobile maintenance— $140; food — $250; clothing — $50; doctor and dentist — $150; and prescription medication — $793. She testified that during the marriage her prescriptions had been covered by the husband’s health insurance, and that without that insurance she could not afford her necessary medication.
The wife testified that the parties owned a house situated on approximately 22 acres, and valued between $120,000 and $150,000. She testified that the house needed some repairs. She went on to state that the mortgage payment was $794 per month; that they owed about $82,000 on the home; and that the husband had mentioned taking out a $16,000 second mortgage to have the repairs made. The wife went on to state that she would like the court to award her a portion of the property to live on, and that she wanted one-half of the equity in the residence. She said that she would need financial assistance from the husband in finding and paying for a home of her own if the court does not allow her to stay on the property.
The wife testified that she and the husband had previously divided all of their personal property, except for their vehicles. She stated that she wanted to keep her automobile, a 2000 Alero, and she wanted her husband to pay for it. She went on to state that the husband had given her their $597 income tax refund for the year 2001 and their $250 savings account.
During a colloquy with the court, the husband indicated that he would retire from the United States Army after serving 20 years.[1] He indicated that he had been making payments on the marital home, the wife’s vehicle, and on $16,000 worth of credit card debt. He further stated that he believed that the marital home would sell for approximately $160,000, after the needed repairs have been made. After thoroughly reviewing the record, we find the trial court’s award of alimony and property division to be inequitable. The record is clear that the wife is 100% disabled and that she requires numerous costly prescription medications to function on a daily basis. We note that although the court awarded the wife the proceeds from the sale of the house when it is sold, *141 there is no immediate order for its sale. Furthermore, while the court reserved the right to award alimony to the wife at a later date, it failed to address her immediate needs. Accordingly, we reverse the judgment and remand the case for the trial court to enter an order consistent with this opinion.
The wife’s request for an attorney fee on appeal is granted in the amount of $1,500. The husband’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
PITTMAN, J., concurs.
THOMPSON, J., concurs in the result.
CRAWLEY AND MURDOCK, JJ„ dissent.

. The record does not indicate the husband's rank in the military or his specific income.