ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
The parties to this proceeding were divorced by order of the Circuit Court of Madison County on June 7, 1989. The divorce was granted to the wife on the ground of adultery.
*375 In its June 7, 1989 decree the trial court awarded four parcels of real property, including the marital residence on Apache Drive, to the wife and awarded the remaining two parcels to the husband. In addition to the division of real property, the trial court also divided the parties’ personal property between them and also awarded alimony to the wife.
The husband filed a motion for a rehearing, principally contending that the marital residence, which had been awarded to the wife, was paid for partly with $39,000 that he had withdrawn from a retirement account which had accumulated from years of employment at the company for which he worked. He said in his motion that the trial court had no authority to award his retirement money as a property division.
On August 14, 1989 the trial court modified the June 7, 1989 decree by ordering that the Chapman Drive property, which had been awarded to the wife in the June 7, 1989 decree, be sold and, after certain enumerated costs are satisfied, that $39,000 of the net sale proceeds be placed in an interest-bearing escrow account for three years to secure the payment of the alimony previously ordered paid to the wife in the June 7, 1989 decree.
In December 1989 the trial court issued a second modification order in response to the wife’s request for a modification of the August 14, 1989 order. In the December 1989 order the trial court directed that the Chapman Drive property not be sold and that it remain the sole property of the wife. The trial court ordered that the Apache Road property, the marital, residence, be sold and, after certain enumerated costs are satisfied and the parties’ son is paid for the value of his interest, that $39,000 of the net sale proceeds be placed in an escrow account to secure the payment of the wife’s alimony. The wife appeals.
The wife’s sole argument on appeal is that the trial court erred in holding that it could not award to the wife the marital residence, which had been purchased partly with the $39,000 withdrawn from the husband’s retirement account at Barber-Coleman Company, the husband’s employer. In support of her contention, the wife argues that the prohibition against retirement benefits being subject to a property division does not apply in the case at bar because the $39,000 invested in the marital residence had lost its character as retirement benefits at the time of trial and, thus, was not subject to the above-noted prohibition.
The pertinent facts show that the husband, upon the termination of his employment at Barber-Coleman Company, obtained $39,000 that had accumulated in a retirement account at that business for his benefit.
The $39,000 was used by the husband, along with other monies, to purchase the lot and build the house located on Apache Drive in Huntsville, Alabama. Title was taken jointly in the names of the husband, the wife, and a son. This property became the marital residence and was the abode of the wife and son at the time of the divorce trial.
In Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979), we held that the monthly retirement benefits being received by a retired army warrant officer were not subject to a property division or an alimony-in-gross award. Also, in the case of Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App.1981), cert. denied, 413 So.2d 1157 (Ala.1982), we held that monthly payments being received by the husband from a civil service retirement annuity were not subject to a property division or an alimony-in-gross award.
In the two cited cases, the husband was receiving monthly retirement benefits and the wife was seeking to obtain a property division of all future retirement benefit payments. In the case at bar the husband’s employment with Barber-Coleman Company was terminated and he received all of the monies in the retirement account in a lump sum, i.e. he received $39,000 at one time. He then took more than one-half of the money and bought a lot upon which to build a family house. Title to this lot was taken jointly in his name, his wife’s name, and their son’s name. During the construction of the marital house, the balance of the $39,000, along with other family money, was used to complete the house.
*376 We conclude that, at the time of the filing of the divorce complaint by the husband, the $39,000 he received from the retirement annuity when he was terminated from his job with Barber-Coleman Company had changed its character from a retirement fund to jointly-owned real property which was subject to a property division.
It is quite clear that the husband voluntarily invested the $39,000 in real property jointly owned by him, his wife, and his son; furthermore, it is also clear that the investment in the home was intended for the benefit of the three family members. Consequently, we find that the $39,000 received by the husband as a settlement of his retirement annuity had, at the time of the divorce hearing, changed its character from that of a retirement benefit to a family-owned asset that was subject to a property division upon the dissolution of the marriage.
The trial court specifically found that the $39,000 received by the husband when his employment with Barber-Coleman Company was terminated and which two years later was used to purchase a marital home for the parties could not be the subject of a property division. We find this to be erroneous. That portion of the decree of December 1989 ordering the marital residence sold is reversed, and the cause is remanded for the trial court to implement the June 7, 1989 decree as modified by the other aspects of the December 1989 decree not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.