Following ore tenus proceedings, the trial court entered an order on March 3, 1992, divorcing the parties upon a finding of incompatibility and dividing the marital assets. The husband appeals, and the wife cross-appeals. We affirm.
The record reflects that the parties were married in June 1989 and that they separated in September 1991. There were no children born of the marriage.
The wife was awarded the following assets: A checking account with a balance of $200, two certificates of deposit with First Alabama Bank totalling $37,887.72, a BMW automobile, the marital home and lot, and all household furnishings. The trial court awarded the following assets to the husband: two business accounts totalling $35,367.17, a 1988 Dodge truck, a 1967 GMC truck, two mobile homes, a satellite dish, a ski boat, Geneva County land with an egg business, a Mr. Transmission franchise and stock, and a savings account in the amount of $23,997.65.
At the time of the divorce, the wife was employed by the South Central Alabama Mental Health Center as a mental health counselor with a salary of $19,100 per year. The husband was a self-employed businessman.
The husband contends that the division of the marital estate was so inequitable as to amount to an abuse of discretion of the trial court. The wife contends on cross-appeal that the trial court erred in awarding substantial assets to the husband without awarding her equitable compensation.
The facts in this case show that in May 1988, prior to the marriage, the husband acquired a Mr. Transmission franchise, which was sold in September 1989 for $160,000. The purchaser paid $50,000 in cash, and the remainder was financed by the husband for five years at 12% interest. The franchise was reacquired by the husband in his name only in April 1991. At the time of the divorce the stock in this corporation was worth approximately $225,000.
Also prior to the marriage, the husband was involved in an automobile accident and was awarded approximately $27,900 for personal injuries. According to the husband, these proceeds were placed into certificates of deposit with First Alabama Bank. After the parties were married, the wife's name was placed on the certificates of deposit, and they were held jointly by the parties throughout the marriage.
During the marriage, the parties jointly acquired a BMW automobile which was used primarily by the wife. The parties also jointly acquired from the wife's father a house and lot located in Dothan for a purchase price of $50,000.
Additionally, the husband acquired land in Geneva County in his name only after the sale of the Mr. Transmission franchise in September 1989. A portion of the money from the sale of the franchise was used to make payments on the land and to build chicken houses for an egg business that produced approximately $25,000 in income per year. The parties financed the remainder of *Page 325 
the purchase price of the land and the cost of building the chicken houses. All income from the egg business was used to maintain the business, and a mobile home and 1967 GMC truck were both used in the business.
The husband operated both the egg and the transmission business. The wife's involvement appears to be minimal; however, testimony revealed that she supported her husband's efforts and occasionally helped out. The husband also maintained separate accounts for business purposes. The account for the egg business had a balance of $15,200.33, and the transmission business account had a balance of $20,166.84.
After the parties' separation, the husband, with monies from his transmission business, opened an individual savings account. The balance of that account was $23,997.65.
"[I]n reviewing the judgment by the trial court, we are governed by the well-established ore tenus rule. Under this rule, when the trial court has been presented evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust." Brannon v. Brannon,477 So.2d 445, 446 (Ala.Civ.App. 1985).
"In making a division of property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future employment prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage."Morrison v. Morrison, 540 So.2d 80, 81 (Ala.Civ.App. 1989). Here, the parties were married approximately 27 months at the time of their separation, and the husband had acquired most of the assets prior to the marriage. The assets awarded to the wife were assets held in the joint names of the parties.
The husband, citing Ala. Code 1975, §§ 30-2-51 and -52, specifically argues that the trial court erred in giving the wife the First Alabama Bank certificates of deposit. We find §30-2-52 inapplicable, based on the findings of the trial court. Section 30-2-51 states as follows:
 "If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
The husband testified that the source of the funds in the certificates of deposit was from a personal injury settlement. At the time of the divorce and since shortly after the marriage, however, the certificates of deposit were in the joint names, evidencing ownership by both. In addition, testimony from both parties indicated the certificates included money from the 1989 sale of the franchise and these certificates were used as collateral for funds used during the marriage.
The trial court could have determined that the husband made a gift to his wife of the certificates of deposit or that the certificates changed character from individual to joint assets, thus constituting family-owned property. See Adcock v. Adcock,567 So.2d 374 (Ala.Civ.App. 1990). Perhaps the wife was given the certificates of deposit held jointly by the parties rather than a portion of the two businesses, the business accounts, or the savings account set up by the husband after the separation.
Even considering the short length of the marriage and the source, type, and value of the property, we hold that the trial court's division of the assets did not constitute an abuse of discretion. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 326