Argued and submitted January 22, affirmed July 28, 1993

In the Matter of the Marriage of

Janet Gay HESTER,
*Respondent,*
*and*

Gary Lynn HESTER,
*Appellant.*

(9105-63546; CA A75705)

856 P2d 1048

William E. Loose, Portland, argued the cause for appellant. With him on the brief were Gary M. Bullock and Bullock & Regier, P.C., Portland.

Curtis D. Kinsley, Lake Oswego, argued the cause for respondent. With him on the brief was Banton & Kinsley, P.C., Lake Oswego.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals from a judgment of dissolution. He assigns error to the trial court's award of spousal support and the division of his pension. We review *de novo*, ORS 19.125(3), and affirm. We write only to address the issue of division of the pension.

Husband began working and contributing to a Public Employes Retirement System (PERS) account in June 1963. He and wife married three years later and were married for 26 years. Throughout the marriage, husband continued to contribute to his PERS account. He will be eligible to retire in a few years, at age 58. Husband testified that, upon retirement, he will opt to receive a substantial lump sum payment plus a fixed monthly benefit. An actuary testified concerning the present value of the account and the present value of husband's contributions to the account before the marriage. That expert calculated the value of the premarital contribution to be 1.5 percent of the total actuarial value of the account at the time of trial. Accordingly, the trial court awarded husband 51.5 percent of the PERS account and wife 48.5 percent.

■ Husband argues that the trial court's division of the PERS account is contrary to *Richardson and Richardson*, 307 Or 370, 769 P2d 179 (1989). According to husband, *Richardson* requires the application of the "time rule"[1] in dividing all retirement accounts. Husband is incorrect.

_____

[1] The time rule is a method of dividing the value of a pension plan or account in proportion to the time during which the parties were married as against the total time during which contributions were made. In *Richardson*, the court described the time rule this way:

"The time rule determines the portion of the employee spouse's benefits attributable to the pre-separation employment by multiplying the pension's actuarial present value at the time of trial by a fraction, the numerator of which is the years (or months) of service during which the spouses lived as a marital unit, the denominator of which is the total years (or months) of service." 307 Or at 379.

The resulting quantity is then subject to the presumption of equal contribution. 307 Or at 379.

Thus, if a participant in a pension plan worked for 20 years and was married throughout that period, at the time of dissolution the participant and his or her spouse each would receive half the value of the plan (the *Richardson* fraction would be 20/20, or 100 percent of the value of the benefits, split equally, absent evidence rebutting the presumption of equal contribution). If, however, the participant worked for 20 years and was married only half of that time, the participant would receive one-fourth the value of the plan (the *Richardson* fraction would be 10/20, or

In *Richardson*, the Supreme Court addressed the valuation of one type of retirement plan, a "defined benefit plan," which may be described as a plan in which the benefits depend largely on the employee's length of service and average income at retirement, not on the employee's contributions. The court held that, generally, the proper method for valuing that kind of retirement plan is to determine the actuarial present value and then to divide that amount between the spouses by application of the time rule. The court did *not* say that the time rule must be applied in *all* cases.

As we observed in *Rogers and Rogers*, 45 Or App 885, 893, 609 P2d 877, *mod* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *mod* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981), the treatment of retirement plans in dissolution proceedings is not subject to the application of hard and fast rules that apply in all cases. That is because the parties' circumstances and the varieties of retirement plans "are almost infinite." 45 Or App at 892. Therefore, although the time rule may generally be the proper rule for apportioning the value of a defined benefit plan, it is not necessarily appropriate for apportioning the value of other types of retirement benefits.

When the value of a particular plan is determined by the amount of employee contributions, application of the time rule could result in a division of property that is demonstrably inequitable. For example, when an employee's monthly contributions to such a plan before the marriage were relatively small and contributions during the marriage much larger, application of the time rule would effectively average the contributions over time, thereby distorting the value of the plan attributable to contributions made both before and during marriage. As a result, the employee would be awarded a larger percentage of the benefits than his or her actual premarital contributions would justify. That is precisely what would happen if the time rule were applied here.

It is undisputed that husband will elect to receive a sizeable lump sum payment plus a monthly benefit upon retirement. The value of each is based on contributions to his

50 percent of the value of the benefits, split equally, absent evidence rebutting the presumption of equal contribution).

account both before and during the marriage.[2] Contributions before the marriage were relatively small, on the basis of an income of approximately $450 per month, compared to the relatively larger contributions made during the marriage, when husband enjoyed a substantially higher income.[3] If the trial court had applied the time rule, it would have valued husband's premarital contributions at nearly 13 percent of the present value of the plan, even though the actual value of husband's premarital contributions was only 1.5 percent of the total value of the plan. Thus, application of the time rule in this case could have resulted in an award of an unfairly large portion of the PERS account to husband. The trial court's division of the plan was appropriate. Under the facts of this case, application of the time rule was not required.

Husband's other arguments do not require discussion.

Affirmed. Costs to wife.

---

[2] A retirement counselor from the Oregon Public Employes Retirement System testified that the lump sum payment would represent a withdrawal of husband's own account balance, while the monthly payment would be determined on the basis of employer contributions.

[3] Husband testified that, at the time of trial his *net* monthly income was $2,200.