Argued and submitted June 14, 1995, reversed and remanded with instructions
March 6, 1996

In the Matter of the Marriage of

Susan E. CAUDILL,
*Respondent,*
*and*

Robert B. CAUDILL,
*Appellant.*

(91-DR-0760; CA A78685)

912 P2d 915

William G. Carter argued the cause and filed the brief for appellant.

Clayton C. Patrick argued the cause for respondent. With him on the brief was Patrick & Meadowbrook.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband appeals from a dissolution judgment, contending that the trial court erred in distributing his pension because it did not use the time rule to calculate the marital portion of that asset. *See Richardson and Richardson*, 307 Or 370, 378-79, 769 P2d 179 (1989). We review *de novo*, ORS 19.125(3), and reverse.

Husband has worked as an Allstate insurance agent since November 1964. The parties were married in October 1979. Wife began working as an Allstate agent in 1986. Each party has earned benefits under two plans offered by Allstate, a defined-benefit pension plan and a profit-sharing plan. Only the value of the marital portion of husband's defined-benefit pension plan is at issue on appeal.

Under a defined-benefit plan, a member is entitled to receive certain periodic benefit payments after retirement. The amount of the periodic payments depends upon various factors, which usually include the number of years of service and the rates of compensation during certain of those years. *See, e.g., Richardson*, 307 Or at 378. The account balance of a defined-benefit plan is irrelevant to determine either the monthly retirement benefits or their present value, because benefits do not correspond directly to cash contributions to the fund.[1] *See id.* at n 6.

The trial in this matter occurred in November 1992, at which time the parties had been married for 13 years. Husband had been earning benefits under his defined-benefit plan for 28 years. The administrator of husband's pension plan evaluated the total benefit earned at the time of trial to be $38,187 per year, payable when husband reaches 65 years of age. At the time of trial, husband was 51 and wife was 41. Wife presented a letter from the plan administrator stating that the actuarial present value of husband's pension shortly

---

[1] The account balance is relevant to determine benefits under a defined-*contribution* plan because, for that type of pension, benefits are limited to the accumulated principal and earnings in the member's account. *See Richardson*, 307 Or at 378 n 6.

after the parties' marriage was $7,240, and that the actuarial present value of husband's pension shortly before the trial was $164,815.[2]

The trial court valued the marital portion of husband's pension by subtracting the actuarial present value of the benefits at the time the parties married from the actuarial present value of the benefits at the time of trial. That resulted in a value of $157,575 for the marital portion of husband's pension. To equalize the value of the property distributed to wife, the trial court awarded wife 48 percent of the marital portion of husband's pension and entered a qualified domestic relations order to that effect.

■ Husband argued at trial that the court should use the time rule to value the marital portion of his pension. The time rule determines the portion of the employee spouse's benefits attributable to employment during the marriage by multiplying the pension's actuarial present value at the time of trial by a ratio, known as the coverture fraction. The denominator of the coverture fraction is the total years of service, and the numerator is the years of service during which the spouses lived as a marital unit. *Richardson*, 307 Or at 379.

At trial, husband presented testimony by a pension consultant who valued the marital portion of husband's pension to be $72,350. The expert multiplied the annual benefit of $38,187 by a coverture fraction, the numerator of which was 13, the length in years of the parties' marriage, and the denominator of which was 28, the length in years of husband's employment. That resulted in a value of $17,729 for the marital portion of the annual benefit. The expert calculated the actuarial present value of that benefit to be $72,350.

■■ Husband asserts that the trial court erred in failing to apply the time rule to value the marital portion of his pension. We agree. Under the trial court's distribution, the value of the benefits earned during husband's first 15 years of service is $7,240 or $482 per year, while the value of the benefits earned during the subsequent 12 years of service,

---

[2] The actuarial present value is the amount of money presently needed to purchase an annuity that would pay a particular monthly amount for the expected life of the retired employee.

while the parties were married, is $157,575, or $12,121 per year. In light of the fact that benefits under a defined-benefit plan depend substantially on the number of years of service, the trial court's valuation inequitably distorts the value of benefits earned both before and during the marriage.[3]

Because the method used by the trial court inequitably valued the marital portion of husband's pension, we now address the value of that asset. Generally, the proper method to value a defined-benefit plan is to determine its actuarial present value and then apply the time rule to calculate the marital portion of that amount. *Richardson*, 307 Or at 378; *Hester and Hester*, 122 Or App 147, 150, 856 P2d 1048 (1993); *see, e.g., Manners and Manners*, 68 Or App 896, 899, 683 P2d 134 (1984); *Minnis and Minnis*, 54 Or App 70, 75, 634 P2d 259 (1981). The Oregon Supreme Court has recognized that the time rule is useful in valuing defined-benefit plans, in which benefits depend largely on the employee's length of service and do not correspond directly to cash contributions to the fund. *See Richardson*, 307 Or 378-79. In *Hester*, we declined to apply the time rule to value a defined-contribution plan, but we recognized the propriety of applying that rule to value defined-benefit plans.[4] 122 Or App at 150.

Applying the time rule in this case results in a more equitable valuation. We do not employ, however, the methodology used by husband's expert witness. Under *Richardson*, the marital portion of the pension is calculated by multiplying the coverture fraction by the actuarial present value of the plan's benefits, rather than by the annual benefit, as husband's expert did. *See* 307 Or at 379. Using that

---

[3] We address the equity of the trial court's valuation, because failing to apply the time rule is not error *per se*. *Richardson* does not require application of the time rule in all cases, because the parties' circumstances and the characteristics of retirement plans vary widely, making universal application of a particular rule inappropriate. *Hester and Hester*, 122 Or App at 150-51 (citing *Rogers and Rogers*, 45 Or App 885, 893, 609 P2d 877, *mod* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *mod* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981)).

[4] We declined to apply the time rule in *Hester* because, unlike the pension at issue in this case, the pension plan at issue there was a defined-contribution plan and application of the time rule would have distorted the value of the plan attributable to contributions made both before and during the marriage. 122 Or App at 150-51. Under the time rule, the husband's premarital contributions would have been valued at 13% of the present value of the plan, even though the actual value of the husband's premarital contributions was 1.5% of the total value of the plan. *Id.* at 151.

method, the actuarial present value of the marital portion of the defined-benefit plan is $76,521, which reflects a straight-line appreciation of $5,886 per year during each of husband's 28 years of service. Because husband's pension is a defined-benefit plan, where benefits depend on factors such as years of service rather than on contributions, a straight-line valuation is more equitable. Therefore, we hold that husband's pension should be valued under the time rule and that the marital portion of that pension is $76,521.

■    Under ORS 107.105(1)(f), the presumption of equal contribution applies to the marital portion of the pension. *Richardson*, 307 Or at 376-77. Husband offers no evidence to rebut that presumption. Based on the foregoing, we value the retirement benefits as follows:

| | |
|---|---:|
| marital share of husband's pension | $ 76,521 |
| husband's profit sharing | 37,330 |
| wife's pension | 13,272 |
| wife's profit sharing | 22,177 |
| Total | 149,300 |

Each party is entitled to 50% of those benefits. Because the trial court awarded wife $10,000 more in personal property than husband, to equalize the property division, the distribution of retirement benefits to wife shall be as follows:

| | |
|---|---:|
| 50% of total retirement benefits | $ 74,650 |
| less amount in wife's possession | |
| wife's pension | -13,272 |
| wife's profit sharing | -22,177 |
| subtotal | 39,201 |
| less personal property advantage | -5,000 |
| Total | 34,201 |

Reversed and remanded for entry of a qualified domestic relations order or other disposition consistent with this opinion. Costs to husband.