The parties were divorced in December 1998. Among other things, the wife was awarded 45% of the husband's military retirement benefits. The husband appeals the judgment awarding 45% of his retirement benefits to the wife.
In its order, the court found that "[t]he [husband] retired from the military in January 1988, after 22 years of service. During almost 14 of those years, he and the [wife] were married." There was no dispute as to the date the husband entered the military, the date the husband retired from the military, or the date the parties were married.
Section 30-2-51, Ala. Code 1975, provides in pertinent part:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
". . . .
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits."
The statute prohibits the court from including in the estate the value of benefits acquired prior to the marriage. The court, therefore, erred in awarding to the wife *Page 633 
45% of the husband's retirement benefits without first deducting those benefits acquired prior to the marriage. James v. James, [Ms. 2970720, March 3, 1999] ___ So.2d ___ (Ala.Civ.App. 1999); DuBois v.DuBois, 714 So.2d 308 (Ala.Civ.App. 1998).
The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.