895 So.2d 971 (2003)
Patricia Ellen LANGLEY
v.
Raymond L. LANGLEY.
2011236.
Court of Civil Appeals of Alabama.
December 19, 2003.
Rehearing Denied April 23, 2004.
Certiorari Denied August 13, 2004
*972 Melinda Lee Maddox, Brewton, for appellant.
C. Daniel White, Brewton, for appellee.
Alabama Supreme Court 1031169.
PER CURIAM.
On September 12, 2001, Patricia Ellen Langley ("the wife") sued Raymond L. Langley ("the husband") for a divorce, alleging an irretrievable breakdown of the marriage caused by the husband's infidelities. She requested, among other things, alimony and an equitable division of the husband's retirement plan and the parties' insurance policies, certificates of deposit, annuities, and savings and checking accounts. On September 20, 2001, the husband answered and counterclaimed, also seeking, among other things, a divorce and an equitable property division. After conducting an ore tenus proceeding, the court, on May 23, 2002, entered a judgment divorcing the parties. Among other things, the trial court awarded the parties joint custody of their minor child and ordered the husband to pay $490 per month in child support. Also, the trial court divided equally between the parties the certificates of deposit and a $6,500 annuity owned by the parties. The court awarded the wife a $22,000 annuity and the parties' marital home, holding her responsible for the mortgage payments on the home. The husband was ordered to maintain health-insurance coverage for the parties' minor child and to provide the wife COBRA insurance coverage for 18 months and to pay the wife $333.50 per month in rehabilitative alimony for 9 months. The parties were ordered to equally share the school-tuition cost for their minor child. The husband was granted the authority to claim the income-tax dependency exemption for the minor child. However, the trial court failed to award the wife any portion of the husband's military retirement benefits, and, in the last two paragraphs of its order, it attempted to explain its reasoning as follows:
"22. The court finds that [the] wife has experienced various health problems in recent years and has devoted her full-time efforts to the care of the parties' minor child since his date of birth, April 22, 1989. Although [the] wife was gainfully employed as of the time the said child was born, she has not pursued employment outside of the home since that date and has continuously devoted her time, effort, and resources to rearing of the said child and to her wifely duties.
"23. Accordingly, the court finds that the wife is in need of rehabilitative alimony at least on a temporary basis. The court further finds that the breakdown *973 of the marriage was largely attributable to the husband's questionable conduct with respect to [another woman] and the controversies arising out of his personal relationship with her. The court further finds by taking judicial notice of the temporary order entered in this cause ... that the sum of $1,200 received from a Navy retirement check of [the] husband was paid to the wife for the maintenance and support of the wife and said minor child. Moreover, under the said temporary order [the] husband paid the truck payment in the amount of $257.91 and the private school tuition in the amount of $155 for a total cash payment of $412.91. Under the above and foregoing provisions of this final judgment of divorce, [the] husband is ordered to pay the following:

 "a. Child support $ 490.00
 "b. 1/2 of tuition $ 77.50
 "c. COBRA $ 454.00
 "d. Truck payment $ 257.91
 ---------
 "Total $1,279.41

"Since the court is not awarding the Navy retirement check to [the] wife in this judgment of divorce, the husband would have $1,259.35 to offset the $1,279.41, leaving a net cash obligation of $20.06 under the final order as compared to $412.91 under the temporary order. Accordingly the difference between his net cash obligation under the final order, $20.06, and the net cash obligation under the temporary order, $412.91, which is $333.50, shall be paid to [the] wife monthly as rehabilitative alimony for 9 months. The court reserves jurisdiction on the issue of alimony to amend or modify the duration and periodic amount of same upon the proper petition of either party and pleading and proof of material change of circumstances."
Both parties filed postjudgment motions; in her postjudgment motion, the wife requested, among other things, that the trial court award her one-half of the husband's military retirement pursuant to Ex parte Vaughn, 634 So.2d 533 (Ala.1993). Those motions were denied by operation of law. The wife appeals.
In reviewing a trial court's judgment in a divorce case where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995). Furthermore, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996). In addition, the trial court can consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility. Ex parte Drummond, 785 So.2d 358 (Ala.2000). Moreover, in Kluever v. Kluever, 656 So.2d 887 (Ala.Civ.App.1995), this court stated, "[a]lthough this court is not permitted to substitute its judgment for that of the trial court, this court is permitted to review and revise the trial court's judgment upon an abuse of discretion." Id. at 889.
The record indicates the husband was 42 years old and the wife was 48 years old at the time of the trial. The parties married in 1984, and separated in 2001, after a 17-year marriage. The wife testified that she *974 had graduated from high school and that she had worked as a receptionist at an insurance company until the parties' child was born. The wife testified that she had worked as a nurse's aide in the Navy Reserve for a short period of time but that she qualifies for no military benefits. She testified that she had served as a housewife and mother since the parties' child was born in 1989 and that she had not sought employment outside the home. The wife stated that she suffered from medical conditions, including bilateral carpal tunnel syndrome in both hands, asthma, and bursitis in her left hip. She explained that these health problems would prevent her from procuring full-time employment. The wife also alleged that the husband had admitted to having an affair with another woman.
The husband testified that the wife had asked him to leave the marital home and that he was living on a farm owned by his father. He denied that he had had a relationship with another woman. He testified that he was employed by the State of Alabama as a probation officer, earning approximately $2,100 per month, and that he received $1,344 per month in military retirement benefits. The husband also stated that he believed the wife was physically able to work.
The wife first contends that the trial court erred in failing to award her a portion of the husband's military retirement benefits. She correctly notes that "disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn, 634 So.2d at 536.
Section 30-2-51(b), Ala.Code 1975, governs the award of retirement benefits and states:
"(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
"(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
"(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
"(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
The trial court is authorized by the above statute to award an equitable portion of retirement benefits to the non-covered spouse. The parties were married for 17 years. The husband testified that he was in the United States Navy for 20 years. He was in the Navy when the parties married, and he retired from the Navy a year after the parties moved to Atmore. However, it is unclear from the record what portion of the husband's military retirement benefits was earned during the marriage because we do not know the date the husband retired. Therefore, we are unable to determine what portion of the retirement benefits is marital property and thus subject to an equitable division, and what portion is separate property and not divisible. Accordingly, we must affirm the trial court's determination that the wife was not entitled to any portion of the husband's retirement benefits because of the wife's failure to comply with § 30-2-51. See Applegate v. Applegate, 863 So.2d *975 1123 (Ala.Civ.App.2003); and McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ.App.2002).
Next, the wife contends that the trial court erred in awarding the husband the right to claim the income-tax dependency exemption for the parties' son. This court has held that an award of an income-tax dependency exemption is a matter within the trial court's discretion. Flanagan v. Flanagan, 656 So.2d 1228 (Ala.Civ.App.1995). However, the Comment to Rule 32, Ala. R. Jud. Admin., states that it is assumed that the custodial parent, the wife in this case will take the income-tax exemption for the child in his or her custody. In deviating from the Rule 32 guidelines by awarding the tax exemption to the husband, the trial court must comply with Rule 32(A)(ii) by stating its reasons for doing so. See K.H.L. v. K.G.M., 782 So.2d 804 (Ala.Civ.App.2000)(instructing the trial court to enter a statement explaining its deviation from the guidelines in awarding the noncustodial parent the income-tax dependency exemption).
The husband argues that the trial court did, in fact, state its reason for deviating from the guidelines. Following the hearing in this case, the parties' attorneys and the trial judge had a discussion in the trial judge's chambers wherein the following was said regarding the tax exemption:
"[Wife's Counsel]: . . . You're giving him the tax benefit of the exemption and the child's living at [the wife's] home.
"The Court: Well, right now she's not working."
This was the extent of discussion regarding the award to the husband of the tax exemption. We conclude that an exchange of this nature in chambers is not sufficient to comply with Rule 32(A)(ii), which requires a written finding on the record setting out the reasons for deviating from the guidelines. The trial court's order contains no explanation for not awarding the exemption to the custodial parent. Specifically, the order states: "The husband is hereby granted authorization to claim the said minor child as a dependent for purposes of income tax exemptions." Accordingly, we reverse the trial court's judgment as to this issue and remand the case for the trial court to comply with Rule 32(A)(ii), Ala. R. Jud. Admin.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result, without writing.
YATES, P.J., concurs in part and dissents in part, with writing.
YATES, Presiding Judge, concurring in part and dissenting in part.
I agree with the majority that the trial court erred in awarding the husband the right to claim the income-tax dependency exemption for the parties' son without explaining his reason for deviating from Rule 32, Ala. R. Jud. Admin. However, I dissent as to this court's disposition of the issue whether the wife was entitled to an award of a portion of the husband's military retirement benefits.
In the present case, the husband is already receiving retirement benefits from his defined benefit plan with the military, which means he is vested in his retirement plan and that the plan has matured. The parties were married for more than 10 years, as required for an award of benefits under § 30-2-51(b)(1), Ala.Code 1975. A defined benefit plan is based on factors such as years of service, compensation received, *976 and date of retirement, without reference to contributions made by the employer or employee. See generally Wilkinson v. Wilkinson, [Ms. 2011255, April 16, 2004] ___ So.2d ___ (Ala.Civ.App.2003)(Yates, P.J., concurring in the result).[*] In dividing retirement benefits pursuant to § 30-2-51(b), the trial court must determine how much of the retirement plan is marital property and how much is the participating spouse's separate property. Under § 30-2-51(b)(2), the trial court cannot include as marital property any retirement benefits earned before the marriage or any interest earned upon those benefits. With a defined benefit plan, I believe that a coverture or marital fraction should be used to determine the marital portion of the retirement benefits. See Wilkinson, supra. The numerator is the number of years (or months if more accurate) the marriage coincided with credited employment service under the retirement plan and the denominator is the number of years (or months if more accurate) during which the plan-participant spouse accumulated benefits.
"Generally, because the value of a defined benefit plan is not related to the amount of consideration contributed to the plan and because the formulas for determining the amount of the pension benefit generally take into account rising salary and years of service of the employee, the time rule,[[1]] not the contribution fraction, should be used to value these types of plans."
Elizabeth B. Brandt, Valuation, Allocation, and Distribution of Retirement Plans at Divorce: Where Are We?, 35 Fam. L.Q. 469, 475-76 (Fall 2001).[2] The marital fraction is multiplied by the amount of the monthly benefit and then divided by the percentage the court determines to be an equitable distribution to the nonparticipating spouse of the marital portion of the retirement benefits. See generally In re Marriage of Hunt, 909 P.2d 525 (Colo.1995). Under § 30-2-51(b), no more than 50% of the marital portion may be considered by the trial court as subject to equitable division. I would remand this case for additional testimony to determine what portion of the retirement benefits are marital property subject to division so that this court could then review whether the trial court abused its discretion in not awarding the wife any portion of the divisible retirement benefits.
NOTES
[*] Note from the reporter of decisions: The Court of Civil Appeals' opinion in Wilkerson was originally released on December 12, 2003. That opinion affirmed the trial courts' judgment. Presiding Judge Yates dissented, with an opinion. On April 16, 2004, the Court of Civil Appeals withdrew its December 12, 2003, opinion and substituted a new one; the substituted opinion reversed the trial court's judgment. Presiding Judge Yates concurred in the result reached in the April 16, 2004, opinion, with an opinion. Her opinion issued on April 16, 2004, is in all material respects the same as her opinion issued on December 12, 2003. On April 23, 2004, the Court of Civil Appeals issued corrected pages in Presiding Judge Yates's writing, reflecting the issuance of the substituted opinion in Wilkerson and Presiding Judge Yates's vote on that substituted opinion.
[1] The time rule is also known as the coverture or marital fraction.
[2] The accrual-of-benefits method is generally more accurate in determining the marital portion of retirement benefits under a defined contribution plan. See Paulone v. Paulone, 437 Pa.Super. 130, 649 A.2d 691 (1994); and In re Marriage of Hester, 122 Or.App. 147, 856 P.2d 1048 (1993). This is because the value of a defined contribution plan is the consideration or contributions made to the plan and because there is an individual account readily available from which to allocate between the marital and separate property.