LYONS, Justice
(concurring in the result).
The trial court awarded Mrs. Dyas relief on her counterclaim in which she asserted that the property Bon Aventure purchased, which was part of Unit 3, was subject to the restrictive covenants applicable to Units 1 and 2. The main opinion concludes that Mrs. Dyas had standing to enforce the restrictive covenants but then reverses the judgment of the trial court in favor of Mrs. Dyas on her counterclaim based upon a finding that the restrictive covenants do not apply to the subject property.
Mrs. Dyas and her husband are the source of the restrictive covenants because they initially placed the restrictive covenants of record. Paragraph 15 of the restrictive covenants states: “The covenants contained herein may be enforced by the owner of any lot in the subject property or by any member of the Covenant Review Committee.” Mrs. Dyas is not within the category of entities described in paragraph 15 that may enforce the restrictive covenants.
The main opinion “decline[s] to read the affirmative grant of authority in [paragraph 15] as negatively implying an abrogation of Mrs. Dyas’s right to seek enforcement of the restrictive covenants under the common-law principles discussed above.” 3 So.3d at 864. In so doing, the main opinion disregards the plain language of paragraph 15 of the restrictive covenants. Moreover, even if we were to deem the reference in paragraph 15 to who may enforce the restrictive covenants as ambiguous, we cannot construe it in favor of Mrs. Dyas, the source of the covenants, because the relevant rule of construction, “expressio unius est exclusio *866 alterius,” operates to prevent her from being a member of the group entitled to standing to enforce the covenants. In Ex parte Haponski, 895 So.2d 971, 972 (Ala. 1981), this Court stated:
“Similarly the meaning of ‘curbs, gutters, and pavement’ should not be extended to include underground storm drainage systems. The agreement contained in respondent’s letter specifically named the items for which the petitioner was to pay fifty percent of the costs. A familiar [maxim] of statutory construction, expressio unius est exclusio alteri-us, is equally applicable in contract to construction of contract language so that specific mention of one of a class of things implies the exclusion of those items not mentioned. Black’s Law Dictionary, p. 521 (5th Ed.1979). It is axiomatic that if a contract is ambiguous the court will construe the contract most strongly against the party who drew it; in this case, Todd Farms. Jewell v. Jackson & Whitsitt Cotton Co., 294 Ala. 112, 313 So.2d 157 (1975).
“Where, as here, the language of the contract is unambiguous and plain in its expression, the court cannot alter the agreement by construction but rather must expound it as it is made by the parties. Flowers v. Flowers, Ala., 334 So.2d 856 (1976); Springdale Gayfer’s Store Co. v. D.H. Holmes Co., 281 Ala. 267, 201 So.2d 855 (1967). The terms of this contract are clear as to what items of cost are to be shared, but even if they were considered to be ambiguous, the relevant rules of construction mandate reversal of the decision of the Court of Civil Appeals.”
I therefore respectfully concur in the result.