MOORE, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
I fully concur with the main opinion that the trial court did not commit reversible error in awarding Sherri Lynn Campbell (“the wife”) alimony. I concur in the result as to that part of the main opinion *783 affirming the trial court’s award of a portion of the 401(k) account of Randy Campbell (“the husband”) to the wife. As to the 401 (k) account, the trial court awarded the wife only 50% of the amount accumulated in the account up to the date the parties separated on August 26, 2005. At that time, the parties had been married far more than the 10 years required by Ala. Code 1975, § 30 — 2—51 (b)(1); thus, the husband’s argument based on that statutory requirement is misplaced.
I respectfully dissent, however, from the main opinion’s affirmance of those parts of the trial court’s judgment awarding the wife a portion of the husband’s military-retirement benefits and awarding the wife attorney fees.

I. Military-Retirement Benefits

The evidence indicates that the husband began accruing service time toward his eligibility for military-retirement benefits two to three years before the parties’ married in 1985. On September 24, 2007, the date he filed the complaint for a divorce, the husband had been drawing $1,269.68 per month in military-retirement benefits for approximately four years. At trial, the wife requested a portion of the husband’s military-retirement benefits, but she did not present any evidence as to the value of the benefits accrued before and during the parties’ marriage. The trial court nevertheless awarded the wife 42% of the husband’s military-retirement benefits “in accordance with the appropriate military policy.”[3] The main opinion affirms that award based on the theory that the trial court calculated the percentage of time the parties had been married during the accrual period (18 out of 21.5 years, or approximately 84% of the accrual period) and awarded the wife 50% of the retirement benefits accrued during the marital period (50% x 84% = 42%).
Section 30-2-51(b), Ala.Code 1975, provides, in pertinent part:
“The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
[[Image here]]
“(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the mar *784 riage including any interest or appreciation of the benefits.”
According to § 30-2-51(b)(2), a trial judge may divide the value of retirement benefits one spouse is receiving on the date the divorce action is filed “provided ... that the judge divides only those retirement benefits acquired during the marriage .... ” Smith v. Smith, 836 So.2d 893, 899-900 (Ala.Civ.App.2002). When some portion of those retirement benefits were acquired before the marriage, a trial judge errs in awarding any portion of the retirement benefits without first deducting those benefits acquired before the marriage as well as any interest or appreciation attributable to those premarital benefits. See DuBois v. DuBois, 714 So.2d 308, 310 (Ala. Civ.App.1998).
In Applegate v. Applegate, 863 So.2d 1123 (Ala.Civ.App.2003), Mr. Applegate began accruing retirement benefits in 1974. In 1985, he married Mrs. Applegate, who later filed for a divorce in 2001. The trial court awarded Mrs. Applegate 23% of Mr. Applegate’s retirement benefits. 863 So.2d at 1123. Mr. Applegate appealed the trial court’s judgment on various grounds, including that the award of retirement benefits to Mrs. Applegate violated § 30 — 2—51 (b)(2). 863 So.2d at 1124. This court reversed that portion of the trial court’s judgment because Mrs. Apple-gate had failed to prove the portion of the benefits that were acquired before the parties’ marriage. Id.
In Smith v. Smith, 964 So.2d 663 (Ala. Civ.App.2005), the parties had been married for 13 years when the divorce action was filed, but Mr. Smith had begun accumulating funds in various retirement accounts before the parties’ marriage. Mrs. Smith presented evidence of the value of Mr. Smith’s 401(k) account on the date of the marriage, but she did not present any evidence of the value of Mr. Smith’s other retirement accounts on the date of the marriage or of the interest or appreciation that had accrued on the premarital benefits after the parties’ marriage. 964 So.2d at 669. This court determined that the trial court had erred in awarding Mrs. Smith any portion of the retirement accounts. 964 So.2d at 671.
In Wilkinson v. Wilkinson, 905 So.2d 1, 6-17 (Ala.Civ.App.2004) (Yates, P.J., concurring in the result), and Langley v. Langley, 895 So.2d 971, 976 (Ala.Civ.App. 2003) (Yates, P.J., concurring in part and dissenting in part), Presiding Judge Yates argued that a spouse seeking a portion of another spouse’s retirement benefits can satisfy § 30-2-51(b)(2) merely by proving a “coverture or marital fraction,” i.e., the percentage of time the marital period relates to the accrual period. This court has soundly rejected that argument by repeatedly holding that a spouse seeking a portion of another spouse’s retirement benefits must prove the amount of the retirement benefits that accrued during the marital period. See Ford v. Ford, 3 So.3d 872 (Ala.Civ.App.2008); Sumerlin v. Sumerlin, 964 So.2d 47, 50 (Ala.Civ.App. 2007); Dunn v. Dunn, 891 So.2d 891 (Ala. Civ.App.2004); and McAlpine v. McAl-pine, 865 So.2d 438 (Ala.Civ.App.2002).
That requirement applies equally to military-retirement benefits. In Piatt v. Piatt, 736 So.2d 632 (Ala.Civ.App.1999), Mr. Piatt retired from the military after 22 years of active service, during which he was married to Mrs. Piatt for only 14 years. 736 So.2d at 632. The trial court awarded Mrs. Piatt 45% of her husband’s military-retirement benefits. This court reversed the judgment on the authority of § 30-2-51 (b)(2) because the trial court had failed to deduct from the award those military-retirement benefits acquired before the marriage. 736 So.2d at 632-33. In Capone v. Capone, 962 So.2d 835 (Ala.Civ. *785 App.2006), an opinion authored by Presiding Judge Crawley in which Judge Mur-dock and Judge Bryan concurred in the result and Judge Thompson and Judge Pittman dissented as to the issue regarding the award of military-retirement benefits, the trial court awarded Mrs. Capone 25% of Mr. Capone’s military-retirement benefits upon his receipt of the same. 962 So.2d at 836. The evidence showed that Mr. Capone had worked for the Army for over 30 years, approximately 10 of which predated the parties’ marriage. Due to his length of service, Mr. Capone was eligible to retire and receive $3,924 per month in retirement benefits, but he had not yet retired. 962 So.2d at 837. Mrs. Capone failed to present any evidence as to the manner in which military-retirement benefits are calculated or any evidence as to the amount of the benefits that had accrued before and during the marriage. This court reversed the award, stating:
“Although the wife attempted to establish the amount of benefits the husband would receive if he retired at the time of trial, she did not present evidence of what portion of the husband’s retirement benefits were accumulated during the parties’ marriage. Her failure to do so requires us to reverse the portion of the judgment awarding retirement benefits to the wife, because the failure to present the necessary evidence concerning the portion of benefits acquired during the marriage prevents a trial court from exercising its discretion to award one spouse any portion of the retirement benefits of the other spouse.”
962 So.2d at 840. Judge Pittman and Judge Thompson dissented on the ground that they believed the evidence was sufficient to determine the value of the military-retirement benefits and to sustain the award of 25% of those benefits to Mrs. Capone. 962 So.2d at 842. In a special writing concurring in the result, Judge Murdock wrote:
“The wife in this case was awarded 25% of the retirement benefits vested in the husband as of the date the complaint for a divorce was filed. Although I agree with the essential point made by Judge Pittman in his special writing as it relates to the issue of retirement benefits in this case, the award of such benefits appears to have been faulty in a respect not addressed by Judge Pittman’s writing. Although there was testimony indicating that the husband, if he retired immediately, would be entitled to begin drawing $3,924 per month in retirement benefits, there was no showing as to what portion of those benefits accrued during the parties’ 20-year marriage, as opposed to during the approximately 10-year period of military service by the husband prior to the marriage. This is an error of a nature which this court has held not to be remediable upon a remand.”
962 So.2d at 841 (Murdock, J., concurring in the result) (first emphasis added).
In this case, the wife proved that, at the time of the filing of the divorce action, the husband was receiving $1,269.68 in monthly retirement benefits from his military service.[4] However, the wife did not present any evidence regarding the value of *786 the military-retirement benefits that had accrued before the parties’ marriage or the value of the interest and appreciation on the premarital retirement assets, if any. The wife also failed to produce any evidence as to the method by which military-retirement benefits are calculated. In order to affirm the award of military-retirement benefits in this case, the trial court would have had to conclude that the husband accrued exactly the same amount of retirement benefits for each year of military service and that he was not entitled to any interest or appreciation on those benefits for any of those years. The wife utterly failed to prove either factually or legally that the husband’s military-retirement plan operated in that fashion. Accordingly, the wife did not establish what portion of the $1,269.68 in monthly benefits represents benefits accrued before and during the marriage. By simply dividing the entire amount by the marital fraction and awarding the wife 50% of that percentage, the trial court did not comply with § 30-2-51(b)(2), and the judgment as to this issue should be reversed in accordance with the unbroken line of cases cited above. Therefore, I respectfully dissent.

II. Attorney Fees

I also dissent as to the award of attorney fees. The trial court simply awarded the wife 50% of her fees without knowing the total amount of the fees. Although our caselaw holds generally that in divorce cases a trial court may award fees without taking evidence as to the reasonableness of the amount of the fees, see Benton v. King, 934 So.2d 1062, 1069 (Ala.Civ.App.2005) (citing Ex parte James, 764 So.2d 557, 560 (Ala.1999) (plurality opinion)), I have not been able to find a single Alabama case, or a case from any other jurisdiction, in which that principle has been applied to a percentage award, as opposed to an award of a specific dollar amount. Logically speaking, a court cannot determine whether 50% of a total attorney fee is a reasonable award without knowing the total amount of the fee, regardless of whether reasonableness is measured by evidence presented to the court or based on the court’s own experience and insight. We have approved awards of a percentage of a recovery for the client, i.e., a contingency-fee award, when the court had information regarding the customary nature of such an award, see Benton, supra, but that award differs materially from an award of a percentage of an unknown amount of accrued attorney fees. A trial court is vested with broad discretion in determining the amount of attorney fees to be awarded in a divorce action, see Murphree v. Murphree, 579 So.2d 634, 637 (Ala.Civ.App.1991), but, in my opinion, it exceeds that discretion when it makes a percentage award without knowing the total amount of the fees.
BRYAN, J., concurs.

. The record contains no reference to that policy other than the husband’s testimony regarding the Uniformed Services Former Spouses’ Protection Act (“the USFSPA”), 10 U.S.C. § 1408. The USFSPA merely allows a court to treat "disposable retired pay ... either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c). The purpose of the USFSPA is to
“to remove the federal pre-emption found to exist by the United States Supreme Court [in McCarty v. McCarty, 453 U.S. 210 (1981),] and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable [sic]. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution.”
Senate Report No. 97-502, 97lh Congress, 2d Session (July 22, 1982), 1982 U.S.C.C.A.N. 1595, 1611; see also Ex parte Vaughn, 634 So.2d 533, 536 (Ala. 1993) ("It is obvious that the USFSPA does not mandate, but rather, authorizes, state courts to consider military retirement benefits as marital property, and, thus, subject to equitable division.”). Military-retirement benefits are divisible in Alabama only in accordance with Ala.Code 1975, § 30-2-51(b). See, e.g., Brattmiller v. Brattmiller, 975 So.2d 359 (Ala.Civ.App.2007).

. By proving the current amount of military-retirement benefits the husband was receiving at the time of the filing of the divorce action, the wife arguably complied with that portion of § 30-2-51(b) requiring the wife to prove “the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed.” However, that does not mean that she satisfied her burden of proof under the remaining portions of § 30 — 2—51 (b). The main opinion seems to be confusing those separate requirements.