MOORE, Judge.
Melvin Henry Sutton (“the husband”) appeals from a judgment of the Lauder-dale Circuit Court (“the trial court”) divorcing him from Donna Peggy Sutton (“the wife”) to the extent that the judgment awarded the wife alimony and a portion of his retirement accounts. We reverse the trial court’s judgment.
On August 25, 2014, the wife filed a complaint seeking a divorce from the husband. The husband answered the wife’s complaint and counterclaimed for a divorce on September 11, 2014. Following a hearing on August 5, 2015, the trial court entered a final judgment of divorce on August 18, 2015, divorcing the parties on the ground of adultery committed by the husband. The trial court awarded the marital residence and a vehicle to the wife and awarded two vehicles, a camper trailer, and a boat to the husband. In its judgment, the trial court also awarded the wife “$70,000.00 of the vested balance of the husband’s International Paper JP Morgan 401 (k) Savings Plan.” The husband was ordered to pay to the wife $1,750 per month as periodic alimony, to name the wife as a beneficiary on his pension and life insurance, and to pay $4,000 of the wife’s attorney’s fees. The husband filed a postjudgment motion on September 2, 2015; that motion was denied the next day. The husband timely appealed to this court.
The husband argues on appeal that the trial court erred in its division of the marital assets, including his 401(k) savings-plan account, and in its award of periodic alimony to the wife.
“Tn reviewing a trial court’s judgment in a divorce case where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App.1995).’ ”
Underwood v. Underwood, 100 So.3d 1115, 1116 (Ala.Civ.App.2012) (quoting Langley v. Langley, 895 So.2d 971, 973 (Ala.Civ.App.2003)).
With regard to the division of the husband’s 401(k) savings-plan account, the record shows that the husband and the wife married in 1976. The husband began working at International Paper Company in 1978 and was still working for that *939 company at the time of trial. As part of his employment, the husband enrolled in a “Retiree Medical Savings Program,” and, as a participant in the program he was assigned an account (“the RMSP account”). The husband testified that, once he retired, the funds in the RMSP account could be used only to periodically pay for his health-insurance premiums. In regard to the RMSP account, the wife testified as follows:
“[Counsel for the wife]: It is your understanding that this fund, [the RMSP account] cannot be divided with you? “[The wife]: Right. It is his.
“[Counsel for the wife]: And it can only be used for medical insurance for him, but it will keep him from having to pay it when he retires?
“[The wife]: Yes.”
The wife introduced into evidence an exhibit in which she indicated that the husband should receive the entirety of the RMSP account. The RMSP account contained a “vested balance” of $7,056.42 and a total balance of $24,869.51 on September 30, 2014, and a “vested balance” of $7,784.74 and a total balance of $27,498.31 on June 30, 2015.
Also, as part of his fringe benefits with International Paper Company, the husband enrolled in a 401(k) “savings plan” managed by JP Morgan Retirement Plan Services. The 401(k) savings-plan account contained an ending balance of $115,241.09 on September 30, 2014, and an ending balance of $119,566.84 on June 30, 2015. Additionally, the husband was earning a pension through which he was projected to draw $1,973.13 per month if he retired at age 62. The wife testified that she wanted $75,000 from the 401(k) savings-plan account, which she acknowledged was more than half of the amount contained therein.
In Paragraph 7 of the final judgment, the trial court set out:
“7. FINANCIAL ASSETS.' The wife is awarded $70,000.00 of the vested balance of the husband’s International Paper JP Morgan 401(k) Savings Plan. The husband is awarded the remainder of the vested balance of the International Paper JP Morgan 401(k) Savings Plan and the vested balance of his International Paper [RMSP] Fund....
“The husband shall name the wife as irrevocable survivor beneficiary on the husband’s pension with International Paper such that she would draw a survivor’s benefit upon husband’s death should she survive the husband.... ”
In his postjudgment motion, which the trial court summarily denied, the husband asserted that the trial court had divided his 401 (k) savings-plan account inequitably by awarding the wife “more than one-half of the husband’s retirement savings.” The husband reiterates that argument on appeal.[1]
Section 30-2-51(b), Ala.Code 1975, provides: .
“The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which *940 the retirement was being accumulated.
“(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
“(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”
In this case, it is undisputed that the parties were married for more than 10 years and that no part of the husband’s 401(k) savings-plan account was earned before the marriage, so the requirements of § 30-2—51(b)(1) and (2) are clearly satisfied. The husband contends, however, that the trial court erred in awarding the wife more than 50% of his vested retirement benefits in violation of § 30—2—51 (b)(3).
Section 30—2—51(b)(3) authorizes an award to a noncovered spouse of no more than 50% of a covered spouse’s “vested interest” in “retirement benefits.” In their arguments, the parties treat both the 401(k) savings-plan account and the RMSP account as “retirement benefits,”[2] as did the trial court, so we will also consider both accounts as “retirement benefits” within the purview of § 30-2-51(b). The evidence in the record shows that the husband had a “vested interest” in the RMSP account of $7,056.42 on September 30, 2014,[3] and a “vested interest” in the RMSP account of $7,784.74 on June 30, 2015. The evidence in the record demonstrates that the husband had a “vested interest” in the 401(k) savings-plan account of $115,241.09 on September 30, 2014, and a “vested interest” in the 401(k) savings-plan account of $119,566.84 on June 30, 2015. Using the largest figures, the total amount of vested retirement benefits that could have been divided between the parties was $127,351.58. The award to the wife of $70,000 from the 401(k) savings-plan account exceeds 50% of that total in violation of § 30—2—51(b)(3).
In defending the award, the wife argues that the RMSP account had a “total value” of $24,869.51 on September 30, 2014, and a “total value” of $27,498.31 on June 30, 2015. Using those figures, the wife argues that the “total amount” of the RMSP account and the 401 (k) savings-plan account exceeds $140,000 and that, therefore, the trial court did not violate § 30-2-51(b)(3) by awarding her $70,000 of those retirement benefits. However, as the plain language of § 30-2-51(b) dictates, the trial court could divide only those retirement benefits in which the husband has a “vested interest.” The wife’s own evidence indicates that the husband did not have a vested interest in the total amount of the RMSP account. Thus, the trial court erred to the extent it considered that portion of the RMSP account in which the husband did not have a vested interest.
In Tompkins v. Tompkins, 843 So.2d 759 (Ala.Civ.App.2002), this court reversed a judgment to the extent that it awarded to the former wife more than 50% of the former husband’s individual-retirement account based on the failure of the trial court *941 to comply with § 30-2-51(b)(3). Id. at 762. Similarly, in this case, the judgment of the trial court must be reversed because the trial court violated § 30-2-51(b)(3) by awarding the wife more than 50% of the husband’s vested retirement benefits.
As previously stated, a trial court’s division of marital assets and its award of periodic alimony are interrelated and must be considered together. Underwood, 100 So.3d at 1116. Because we have concluded that the trial court erred in its award to the wife of more than 50% of the husband’s vested retirement benefits, in accordance with Underwood, 100 So.3d at 1116, we must also reverse the trial court’s judgment with regard to its division of the remainder of the marital property and its award of periodic alimony to the wife. See also Brattmiller, 975 So.2d at 362-63. The cause is remanded for the trial court to reconsider its division of the retirement benefits, its property division, and its award of periodic alimony in compliance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.
THOMAS, J., concurs in the result, without writing.

. The husband also argues that the wife failed to prove the present value of the divisible retirement benefits. However, the husband did not make that argument at trial, see Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [an appellate court’s] review is restricted to the evidence and arguments considered by the trial court.”), and, as discussed infra, the record belies that contention.

. Both parties exclude the husband’s pension from their calculations, probably because the wife did not present any evidence as to the present value of the pension. See Brattmiller v. Brattmiller, 975 So.2d 359 (Ala.Civ.App.2007) (holding that trial court cannot include retirement benefits in marital estate subject to property division absent proof of present value).

. The record contains no valuation of any of the accounts as of August 25, 2014, the date of the filing of the divorce complaint, but, based on the husband's brief, we use the figures from September 30, 2014, as accurately reflecting the values on August 25, 2014.