MOORE, Judge,
concurring in part and dissenting in part.
Keith Joel Thomson (“the husband”) appeals from an amended judgment entered by the Jefferson Circuit Court (“the trial court”) divorcing him from Karen Acton Shepard (“the wife”). The husband first argues that the trial court lacked jurisdiction to enter the amended divorce judgment. I agree with the main opinion’s holding that, pursuant to Henderson v. Koveleski, 717 So.2d 803, 806 (Ala. Civ. App. 1998), the trial court had jurisdiction to enter the amended divorce judgment.
The husband also argues that the trial court erred in ordering the parties to pay a fee to the guardian ad litem and in its child-support award. The main opinion affirms with regard to those issues, and I concur in the affirmance.
The husband’s final argument is that the trial court’s award of $100,000 in alimony in gross to the wife renders the property division inequitable and that there is no marital property from which the husband can satisfy that award. “‘[A] division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court.’” Underwood v. Underwood, 100 So.3d 1115, 1116 (Ala. Civ. App. 2012) (quoting Langley v. Langley, 895 So.2d 971, 973 (Ala. Civ. App. 2003)).
In its amended divorce judgment, the trial court awarded each party an automobile and various personal property. The trial court awarded the wife the marital home, which was free and clear from any debt and which the husband valued at $500,000. The trial court awarded the husband two individual retirement accounts. The evidence indicates that one individual retirement account (“IRA”) was created during the parties’ marriage and that the parties were married more than 10 years; therefore, that IRA is marital property, and its value at the time of the trial was $137,949.. The other IRA was created before the parties’ marriage, and the parties agree that that IRA is the husband’s separate property.
The trial court specifically found that the husband’s investment account, which had a balance of over $900,000 at the time of the trial, was his separate property and awarded the husband that account. The wife did not file a cross-appeal; therefore, although the main opinion notes that there was evidence indicating that $58,351 of the balance of that account had been contributed to the investment account during the parties’ marriage, the trial court’s determination that the husband’s investment account was his separate property stands. See, e.g., McMillan, Ltd. v. Warrior Drilling & Eng’g Co., 512 So.2d 14, 24 (Ala. 1986) (“In the absence of taking an appeal, an appellee may not cross-assign as error any rulings of the trial court adverse to appellee.”). I note that the evidence also indicated that, as of April 2015 (after the *642 complaint for divorce was filed), the wife had obtained unrestricted access to $220,000 from a trust fund that was created by the wife’s parents; pursuant to Ala. Code 1975, § 30-2-51, those funds are the wife’s separate property.
Considering the marital property for which a value was listed, I conclude that the wife was awarded $600,000 ($100,000 in alimony in gross + $500,000 (value of marital home)), and the husband was awarded $37,949 ($137,949 (value of IRA) - $100,000 (alimony in gross .awarded to the wife)), This. resulted in the wife being awarded 94% of the marital property and the husband being awarded 6% of the marital property. “[T]he fact that a spouse has a separate estate does not negate the requirement that marital property is to be divided equitably between the parties.” Culver v. Culver, 199 So.3d 772, 779 (Ala. Civ. App. 2016). In the present case, although the husband has a sizeable separate estate, that fact does not give the trial court discretion to award him an inequitable portion of the marital property. Because the trial court’s division of marital property was inequitable, I would reverse the trial court’s amended divorce judgment on that point.